**J & M INVESTMENTS, a partnership, and James P. Castberg, Appellants (Defendants),**

**George E. Cooke, (Defendant),**

v.

**George A. DAVIS and Peggy J. Aman, Trustees of the George A. Davis 1978 Trust, Appellees (Plaintiffs).**

**No. 86–121.**

Supreme Court of Wyoming.

Oct. 8, 1986.

James P. Castberg, Powell, for appellants.

Ross D. Copenhaver of Copenhaver, Kahl & Kath, Powell, for appellees.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Extrapolated from other land purchase agreement default complexities, this appeal raises collectibility of a separately executed promissory note for which summary judgment was granted and is now affirmed.

Defendant J & M Investments, a partnership, and defendants James P. Castberg, and George E. Cooke, the partners, entered into an installment purchase agreement dated July 10, 1979, amended August 26, 1982, for the purchase of residential lots in Park County, Wyoming.[1]

1. George E. Cooke is not an appellant, and cross-claims between Cooke and Castberg were severed and consequently are not involved here.

The only attribute of that agreement and course of business raised on appeal is a $10,000 promissory note dated December 31, 1982, unpaid but contested for "want of consideration and unjust enrichment." The basic documents in the transaction, including the initial agreement, subsequent amendment, escrow instructions, and promissory note, were apparently prepared by Castberg who is an experienced practicing attorney in the community.

Although Castberg, individually and for the partnership, submits that summary judgment was improper because of issues of fact, and appellee characterizes the case as presenting an argument about lack of consideration and unjust enrichment, the case actually involves construction of the sales agreement as to a subsequently deeded lot, and whether a separate payment upon conveyance was required as evidenced by the execution of a promissory note for the purchase amount.[2]

Appellant contends that the specific lot for which the note was given as payment should have been carried by the initial contract down payment so that a further payment upon conveyance as evidenced by note was unnecessary. Appellant then contends that the note was executed without consideration, constitutes unjust enrichment, and consequently is not collectible from appellant as the maker when given to secure the deed to the involved lot.

Since this is a documentary case, we find it has a Category 5 summary judgment status under *Cordova v. Gosar*, Wyo., 719 P.2d 625 (1986), wherein the evidence submitted to the court creates an issue of law for interpretation of written agreements.

On July 10, 1979, the partnership entered into an agreement with appellee (Davis) to buy 15 residential dwelling lots in Park County, for a total purchase price of $150,-000, with $15,000 to be paid upon execution, and the balance, with ten per cent interest, to be paid in full by January 1, 1980, and,

> "BUYER does hereby agree to pay to SELLER the sum of $10,000 upon the sale of each of the above described lots, and upon receipt thereof SELLER does hereby authorize and direct the escrow agent * * * to deliver one (1) deed, to be specified by BUYER to BUYER."

Consequently, this was an installment contract arrangement for delivery of separate lot deeds upon payment of the pro-rata purchase price.

Forfeiture included interest to date of forfeiture, and retention of the initial payment as designated damages. That agreement was supplemented on August 26, 1982, after the original agreement was obviously in default, with a further agreement which gave a moratorium on the interest, and with pro-rated payment additions to the individual lot deed release requirement of $10,000, and provided as to Lot 9, which is the subject matter of this controversy,

> "6. It [is] agreed by both parties hereto that in addition to the sums provided in paragraph 2 above, SELLER shall also receive from the sale of any lot by SELLERS from and after July 10, 1982 and until July 10, 1984 any additional consideration received by SELLERS to be applied upon the interest due to SELLER up to the date of this agreement and until the payment of the sum of $10,-000.00 due on this contract for the sale of Lot nine (9), which sum shall be applied to the principal balance due on this contract. From and after the payment of all interest due upon this contract and the payment of the $10,000.00 as aforesaid, SELLERS shall be entitled to receive the proceeds from the sale of any lot after paying the sums provided in paragraph 2 above."

---

**2.** Compliance by appellant with Rule 5.01(2), W.R.A.P., "A statement of the issues presented for review," is hardly satisfied by his statement: "Genuine issues of fact or facts exist which preclude the granting of summary judgment in favor of the plaintiffs," since the area of dispute of contended factual issues or legal questions is not defined. More time was required in trying to determine the issue from appellant's brief than from attribution of the issue to the record and its facts.

Pursuant to all of this, the contested note was executed on December 31, 1982, including the notation "Sale of Lot # 9—not paid for—as per agreement," as prepared and signed by Castberg.

The ultimate judgment of $32,133.84 included $10,000 for the December 31, 1982 note, and three additional items with interest and attorney's fees. Determination of liability as entered by trial court summary judgment comes here on the argument of appellant that the included $10,000 was improper by attack on the underlying note for that amount.

We cannot find any legal basis from the documentation or facts of this case to justify the disinclination of appellant to pay the amount of the note given for consideration for the deed to Lot 9 which he received, or any evidence of lack of consideration or unjust enrichment.

Summary judgment is appropriate when no genuine question of material fact exists and when the movant is entitled to judgment as a matter of law (Category 5 of summary judgment, see *Cordova v. Gosar, supra*). *Greaser v. Williams*, Wyo., 703 P.2d 327 (1985); *Hurst v. State*, Wyo., 698 P.2d 1130 (1985); Rule 56(c), W.R.C.P. The decision is justified when the issue to be decided involves construction of a written agreement clearly expressing the terms of the agreement between the parties as raising a question of law and not an issue of fact. *Wyoming Game and Fish Commission v. Mills Co.*, Wyo., 701 P.2d 819 (1985); *Kuehne v. Samedan Oil Corp.*, Wyo., 626 P.2d 1035 (1981).

No interpretation different than the decision of the trial court can be derived from the agreements whereby the initial payment on the contract could be attributed for the benefit of the buyer to any separate lot conveyances. The supplementary agreement confirmed the separate lot payment requirement specifically related to Lot 9. Finally, when appellant, as an attorney, prepared and signed the note in issue, it could be assumed that he understood the obligation created in relation to his receipt of a deed to Lot 9.

Finding no reasonable cause for this appeal, costs as enumerated in Rule 10.05, W.R.A.P., and attorney's fees of $1,220 are taxed against appellant.

Affirmed.