GRAY, Justice.
[¶1] Father appeals the denial of his W.R.C.P. 60(b)(6) motion for relief from an income withholding order. Father also challenges the district court clerk's assessment of an $85.00 fee pursuant to Wyo. Stat. Ann. § 5-3-206(a)(vii). We affirm.
ISSUES
[¶2] We address the following issues:
I. Did the district court err in denying the W.R.C.P. 60(b)(6) motion seeking relief from an income withholding order?
II. Was the $85.00 fee under Wyo. Stat. Ann. § 5-3-206(a)(vii) properly assessed when no transcripts were requested?
FACTS
[¶3] On December 19, 2012, the district court entered an order establishing custody and support for the parties' two minor children, apparently based on a hearing that occurred on September 4, 2012.[1] Each of the parties was represented by counsel. The district court waived the requirement that the parties file financial affidavits. It did not determine a statutorily presumed amount of child support, but did find that "[d]eviation from the child support guidelines is necessary[.]" The district court found that Father was incarcerated, "and is not scheduled to be released until late November, 2012" and was "not realistically able to earn imputed income." The district court found that it was in the children's best interests that Father pay the statutory minimum child support-fifty dollars per month-pursuant to Wyo. Stat. Ann. § 20-2-304(b) (LexisNexis 2011).[2] As required, the district court also entered an income withholding order. Wyo. Stat. Ann. § 20-6-204(a) (LexisNexis 2011).
[¶4] On April 2, 2018, more than five years after the Order Establishing Custody and Support was entered, Father, relying on W.R.C.P. 60(b)(6), filed a pro se motion entitled "Petitioner's Motion for Relief from Child Support Order." However, that motion asked the district court "to relieve him from the Income Withholding Order , filed December 19, 2012."
[¶5] Father contended that the minimum support obligation under Wyo. Stat. Ann. § 20-2-304(b) (LexisNexis 2011) facially contradicts 42 U.S.C. § 667(b)(2). This section of the federal statutes establishes a "rebuttable presumption " that the amount calculated for support under state guidelines is the appropriate amount. 42 U.S.C.A. § 667(b)(2) (West *665 2011). In his motion, Father argued Wyo. Stat. Ann. § 20-2-304(b) creates an irrebuttable presumption in violation of the supremacy clause of the United States Constitution. U.S. Const. art. VI, cl. 2 ; Wyo. Stat. Ann. § 20-2-304(b) (LexisNexis 2011). The Wyoming Legislature repealed Wyo. Stat. Ann. § 20-2-304(b) on July 1, 2018. 2018 Wyo. Sess. Laws Ch. 42.
[¶6] No responsive pleading was filed, and the district court did not rule on Father's motion for relief. Accordingly, Father's motion was "deemed denied" under W.R.C.P. 6(c)(4).[3] Father appealed. The district court clerk charged the $85.00 fee required by Wyo. Stat. Ann. § 5-3-206(a)(vii). Father objected, claiming that because no transcripts were necessary for his appeal, the fee was improperly assessed. On appeal, Father asserts that mandatory minimum child support is unconstitutional, and he challenges the propriety of the $85.00 fee.
[¶7] Mother, who would receive any child support Father paid, did not participate at the trial court level or in this appeal. On being served with a copy of Appellant's brief pursuant to W.R.A.P 7.07, the Wyoming Attorney General's office responded to Father's claim that Wyo. Stat. Ann. § 20-2-304(b) is unconstitutional by asserting that because "Appellant's challenge is to the income withholding order and not the original child support order, it does not affect a substantial right and is not appealable." The trial court ordered Child Support Services of Wyoming and the Laramie County Attorney to respond to Father's objection to paying the filing fee. Child Support Services responded that it was not involved in this case. The Laramie County Attorney filed a response asserting that Wyo. Stat. Ann. § 5-3-206(a)(vii) required the filing fee. The record does not contain any decision from the district court on the filing fee issue. Father did not name Laramie County or the Laramie County Clerk of District Court as Appellees, and no one responded to Father's claim that he should not have been charged a filing fee in this Court.
DISCUSSION
I. Did the district court err in denying the W.R.C.P. 60(b)(6) motion seeking relief from an income withholding order?
[¶8] Essential to appellate review, under any applicable standard of review, is the requirement that an appellant must present cogent argument and authority to support his claim. "For more than thirty-five years [now 59 years], this Court has summarily affirmed cases or issues in cases that are not presented with cogent argument or pertinent authority." Hamburg v. Heilbrun , 891 P.2d 85, 87 (Wyo. 1995) ; see also Earlywine v. Peterson , 885 P.2d 861, 864 (Wyo. 1994) ; Wyoming Game and Fish Comm'n v. Thornock , 851 P.2d 1300, 1304 (Wyo. 1993) ; State ex rel. Reece v. Wyoming State Bd. of Outfitters & Prof'l Guides , 931 P.2d 958, 959 (Wyo. 1997). Father's brief fails to satisfy this requirement.
[¶9] Rule 60(b)(6) provides:
(b) Grounds for Relief from a Final Judgment , Order, or Proceeding . - On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ...
(6) any other reason that justifies relief.
W.R.C.P. 60(b)(6) (emphasis added). "[T]he express purpose of this rule is to provide the courts with the means of relieving a party from the oppression of a final judgment ... on a proper showing where such judgments are unfairly or mistakenly entered." Kennedy v. Kennedy , 483 P.2d 516, 518 (Wyo. 1971). "An order denying relief under Rule 60(b) is appealable ...." McBride v. McBride , 598 P.2d 814, 816 (Wyo. 1979).
[¶10] Father's Motion for Relief from Child Support Order, in spite of its title, requested only relief from the Income Withholding Order. Contrary to that request, the body of Father's motion contested the validity of the child support order, not the Income Withholding Order. Specifically, he claimed *666 the minimum obligation under Wyo. Stat. Ann. § 20-2-304(b) violates federal law. Thus, although Father requests that he be relieved "from the Income Withholding Order ," he apparently does not distinguish between an income withholding order and an order establishing his child support. His motion requests that his child support obligation be vacated and that the district court return any money he has paid in child support. He presents no argument that the Income Withholding Order, itself, was improper.
[¶11] Father could have actually sought relief from the child support order under W.R.C.P. 60(b), if that was his intent. A challenge to an income withholding order can be brought under the procedures set forth in the Income Withholding Act. In addition, there are statutory procedures for modification of a child support order. See, e.g. , Wyo. Stat. Ann. §§ 20-6-216 and 20-6-209 (LexisNexis 2017). The statutory grounds for challenging an income withholding order include: modification, termination or suspension of the support order; full payment of arrearages; modification to conform to statutory maximum withholding limitations; inability to deliver withheld income to obligee because of an invalid delivery address; an agreement with the obligee; an improper service of notices; disputes over the amount of current support; and/or disputes over the identity of the obligor. Id. These statutes make it clear that a challenge to a child support order is not the same as a challenge to an income withholding order.
[¶12] Father has not provided any cogent argument supporting his challenge to the Income Withholding Order. He has not provided any authority indicating that a challenge to the Income Withholding Order could result in the relief he seeks. We summarily affirm denial of Father's Rule 60(b) motion seeking relief from the Income Withholding Order.
[¶13] Even if we were to assume, as suggested in the dissent, that Father actually intended to challenge the original order establishing his child support, there are significant reasons to summarily affirm denial of his 60(b) motion. First, Father fails to present a record which would enable review of his claim. Montoya v. Navarette-Montoya , 2005 WY 161, ¶ 5, 125 P.3d 265, 268 (Wyo. 2005) ("It is [the Appellant's] burden to supply this Court with a sufficient record so that a proper evaluation of the trial court's decision can be conducted."). The record in this case does not establish that the presumptive minimum child support was applied to Father as the result of an irrebuttable presumption. There is no financial affidavit, either then or now, showing Father's income when the child support was established. The district court did not calculate a presumptive amount of child support. The district court did not make findings about income of either of the parties.
[¶14] The court did make these findings: (1) deviation from the support guidelines was necessary; (2) Father was not scheduled to be released from prison until late November 2012; (3) Father was not realistically able to earn imputed income; and (4) it was in the children's best interest that Father pay $50.00. These findings do not necessarily indicate that Father did not have income from other sources, and they do not necessarily indicate his monthly income was less than $200.00. Under Wyo. Stat. Ann. § 20-2-304(b), Father's presumptive child support would have been $50.00 if his monthly income was $200.00. Wyo. Stat. Ann. § 20-6-204(a) (LexisNexis 2011). The finding he was "not realistically able to earn imputed income" might mean he was not able to earn anything at all, or it might mean he was not able to earn minimum wage for 40 hours-the typical basis of imputed income.[4] Whichever meaning the trial court intended, there was no finding about other income. From the record, we cannot know if the court found $50.00 appropriate because of the presence of other income, an irrebuttable presumption, a rebuttable presumption, Father's stipulation, or based on other evidence.[5] Leniency *667 for a pro se appellant cannot overcome a record that requires conjecture and speculation to reach a result.
[¶15] Second, Father fails to present any cogent argument or statutory analysis to support his claim that Wyoming's statutory approach to setting child support includes an irrebuttable presumption. It is arguable that Wyo. Stat. Ann. § 20-2-304(b) creates a rebuttable presumption of $50.00 per month minimum child support when read in conjunction with Wyo. Stat. Ann. § 20-2-307(a) which states: "The presumptive child support established by W.S. 20-2-304 shall be rebuttably presumed to be the correct amount of child support[.]" Without cogent statutory analysis, we should not create the arguments we think Father might make. Williams v. Tharp , 2017 WY 8, ¶ 9, 388 P.3d 513, 516 (Wyo. 2017) ("Courts make some allowances for pro se litigants, but neither this Court nor the district court is obligated to frame the issues for the parties or consider issues not supported by cogent argument and citation to legal authority."). Summary affirmance is appropriate.
II. Was the $85.00 fee under Wyo. Stat. Ann. § 5-3-206(a)(vii) properly assessed when no transcripts were requested?
[¶16] Father also contends that the district court clerk improperly demanded an $85.00 fee for this appeal. Although he objected to the filing fee in the district court, Father failed to present any order or decision denying (or sustaining) his objection. Assuming without deciding the district court clerk's requirement that Father pay the filing fee constitutes an appealable order, we will consider his claim.
[¶17] Wyo. Stat. Ann. § 5-3-206(a)(vii) (LexisNexis 2017) provides:
(a) For all civil matters filed or commenced, the clerk of each district court shall charge the following fees:
...
(vii) For all transcripts in cases appealed to the supreme court, eighty-five dollars ($85.00), including certificates, seals and transmission. Twenty-five dollars ($25.00) of the fee under this paragraph shall be for court automation, ten dollars ($10.00) shall be for indigent civil legal services and both shall be remitted as provided in W.S. 5-3-205 [.]
Father argues the fee found in Wyo. Stat. Ann. § 5-3-206(a)(vii) is inapplicable because he requested "no relevant portions of the transcript of evidence" for his appeal. Father asks us to direct the district court clerk to reimburse him.
[¶18] In essence, Father's argument is that the term "transcripts" in Wyo. Stat. Ann. § 5-3-206(a)(vii) should be interpreted to mean transcripts of testimony.
"When we interpret statutes, our goal is to give effect to the intent of the legislature." Fugle v. Sublette Cty. Sch. Dist. No. 9 , 2015 WY 98, ¶ 8, 353 P.3d 732, 734 (Wyo. 2015) (citations omitted). "[W]e 'attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute.' " Id. at ¶ 8, 353 P.3d at 734 (quoting Krenning v. Heart Mountain Irrigation Dist. , 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo. 2009) ). We "construe each statutory provision in pari materia , giving effect to every word, clause, and sentence according to their arrangement and connection." PacifiCorp, Inc. v. Dep't of Revenue , 2017 WY 106, ¶ 10, 401 P.3d 905, 908 (Wyo. 2017) (quoting Nicodemus v. Lampert , 2014 WY 135, ¶ 13, 336 P.3d 671, 674 (Wyo. 2014) ). And, when "the words used convey a specific and obvious meaning, we need not go farther and engage in statutory construction."
Int'l Ass'n of Fire Fighters Local Union No. 5058 v. Gillette/Wright/Campbell Cty. Fire Prot. Joint Powers Bd. , 2018 WY 75, ¶ 20, 421 P.3d 1059, 1064 (Wyo. 2018).
[¶19] If a statute is ambiguous, or susceptible to multiple meanings, we apply principles of statutory construction.
One of those principles is that we read statutes "in pari materia , giving effect to every word, clause, and sentence according to their arrangement and connection."
*668 PacifiCorp , 2017 WY 106, ¶ 10, 401 P.3d at 908 (citations omitted). We "consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously." Id. (quoting Nicodemus , 2014 WY 135, ¶ 13, 336 P.3d at 674 ). And, we "will not interpret a statute in a way that renders any portion meaningless or in a manner producing absurd results."
Id. ¶ 34, 421 P.3d at 1067.
[¶20] The term "transcripts," when read in isolation, is susceptible to multiple meanings. A common definition (the one urged by Father) is a written, printed, or typed copy of words that have been spoken. Transcript , Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/transcript (last visited May 28, 2019). However, "transcript" of a record "[r]efers to the printed record as made up in each case of the proceedings and pleadings necessary for the appellate court to review the history of the case." Transcript , Black's Law Dictionary (6th ed. 1990).
[¶21] When we read the entire sentence containing "transcript" in this statute and consider all of the language in the statute and rules about appeals, it is obvious that the intended meaning is a printed record of the proceedings in a case being appealed. The whole sentence reads, "For all transcripts in cases appealed to the supreme court, eighty-five dollars ($85.00), including certificates, seals and transmission." Wyo. Stat. Ann. § 5-3-206(a)(vii). W.R.A.P. 3.05(a) and (f) require the district court to: (1) notify this Court that the "record has been completed and certified"; and (2) at the appropriate time, transmit to this Court the designated portions of the record. It is obvious that in each appealed case the clerk of district court must deliver a "transcript" of the record of the designated proceedings to this Court.
[¶22] Further, Father ignores W.R.A.P. 2.09(a) : "The fee for filing an appeal or other action in the supreme court shall be set by order of the court and published in Rules of the Supreme Court of Wyoming." This Court entered an order on June 21, 2017, which requires the district court clerk to collect fees, stating: "For all transcripts and records in cases appealed or certified to the Supreme Court, including certificates, seals and transmission, $85.00 ... shall be remitted as provided in Wyo. Stat. Ann. § 5-3-205." These rules indicate that the transcript mentioned in the statute is not a recordation of testimony, but a record of the proceedings.
[¶23] Finally, Father's interpretation of "transcript" would result in a filing fee only in appeals in which a transcript of testimony was part of the designated record-an absurd result.
[¶24] Wyo. Stat. Ann. § 5-3-206(a)(vii) requires a filing fee of $85.00 for Father's appeal, even though no transcript of testimony is included in the designated record. The district court clerk properly required payment of that fee.
[¶25] Affirmed.
FOX, Justice, concurring in part and dissenting in part, in which DAVIS, Chief Justice, joins.
[¶26] I agree with the majority that Wyo. Stat. Ann. § 5-3-206(a)(vii) requires an $85.00 filing fee for Father's appeal. I write separately because I would address Father's argument concerning the mandatory minimum child support obligation in Wyo. Stat. Ann. § 20-2-304(b)[6] and hold that it is unconstitutional because it violates the Supremacy Clause.
[¶27] "We do not function for the purpose of ... making an appeal disappear, but exist to administer justice to those who come to settle their disputes." Essex Holding, LLC v. Basic Prop., Inc. , 2018 WY 111, ¶ 39, 427 P.3d 708, 720 (Wyo. 2018) (quoting Blake v. Rupe , 651 P.2d 1096, 1114 (Wyo. 1982), superseded on other grounds as recognized in Paxton Res., L.L.C. v. Brannaman , 2004 WY 93, ¶ 13, 95 P.3d 796, 800 (Wyo. 2004) ). It's true this appeal is messy-the record is sparse, there is no order from which we can assess the district court's decision, Father is *669 pro se, Mother did not file a brief, and the Attorney General filed a limited response. But there is no doubt that Father challenges the constitutionality of the statutory minimum child support obligation imposed upon him. See Majority Opinion at ¶ 10 ("Father's motion contested the validity of the child support order .... Specifically, he claimed the minimum obligation under Wyo. Stat. Ann. § 20-2-304(b) violates federal law."). We have addressed issues less clearly raised and briefed. We applied a rule of waiver under W.R.Cr.P. 12, even though the State had not raised that issue because "the parties' briefing unearthed the question[.]" Rodriguez v. State , 2019 WY 25, ¶ 23, 435 P.3d 399, 405 (Wyo. 2019). Here, we need not dig to identify the issue necessary to resolve Father's appeal. See Hawes v. State , 2014 WY 127, ¶ 8 n.2, 335 P.3d 1073, 1076 n.2 (Wyo. 2014) (overlooking any ambiguity in the statement of the issues and looking to the substance of the argument); Doctors' Co. v. Ins. Corp. of Am. , 864 P.2d 1018, 1028 (Wyo. 1993) ("This court has previously considered issues not properly raised by appellants when review was permitted by the record and the facts."); Hance v. Straatsma , 721 P.2d 575, 577 (Wyo. 1986) (where, although we were "unable to discern whether Hance challenge[d] the sufficiency of the evidence to support the judgment or the county court's failure to find that he was not liable under the warranty, or both," we addressed both possible contentions); J & M Inv. v. Davis , 726 P.2d 96, 97 n.2 (Wyo. 1986) (considering appellant's improperly raised issue); Cline v. Safeco Ins. Co. , 614 P.2d 1335, 1337 (Wyo. 1980) (discerning and addressing the appellant's "main argument" despite an inadequate statement of the issues). Any reluctance to address Father's imperfectly presented argument should be overcome by the leniency we afford pro se parties. See Rammell v. Mountainaire Animal Clinic, P.C. , 2019 WY 53, ¶ 14, 442 P.3d 41, 46 (Wyo. 2019) (applying "the leniency we have the discretion to afford pro se litigants"); In re U.S. Currency Totaling $7,209.00 , 2012 WY 75, ¶ 31, 278 P.3d 234, 241 (Wyo. 2012) (noting a pro se litigant's entitlement to "some leniency" but finding no plain error where he did not reasonably adhere to procedural rules and requirements); Young v. State , 2002 WY 68, ¶ 9, 46 P.3d 295, 297 (Wyo. 2002) (declining to summarily affirm appeal because of leniency we afford pro se parties); In re KD , 2001 WY 61, ¶¶ 7-9, 26 P.3d 1035, 1036-37 (summarily affirming appeal despite pro se status); Osborn v. Emporium Videos , 848 P.2d 237, 240, 242 (Wyo. 1993) (majority and dissenting opinions disagreeing as to whether pro se litigant was entitled to leniency); see also Michael J. Klepperich, Just How Liberal is Liberal?: Wyoming Courts' Treatment of Civil Pro Se Pleadings , 18 Wyo. L. Rev. 351 (2018) (noting the lack of objective standards for assessing pro se leniency).
[¶28] The state of the record does not preclude review of the issue Father raises. Wyoming participates in the federally funded child support program established through Title IV-D of the federal Social Security Act. Wyo. Dep't of Family Serv. Child Support Program Policy Manual §§ 2.1-2.2 (Jan. 2017), available at http://wychildsupportpolicymanual.wyo.gov/2-structure-and-authority/2-1-struct-authority-introduction. This program requires participating states to adopt child support guidelines as a condition of receiving federal funds. 42 U.S.C. §§ 654 - 55. The state statute under which Father's child support obligation was set provided that "in no case shall the support obligation be less than fifty dollars ($50.00) per month[.]" Wyo. Stat. Ann. § 20-2-304(b), repealed by Laws 2018, ch. 42, § 2. The statute creates a conclusive presumption that $50 is the correct amount of child support to be awarded, regardless of the parent's income or circumstances. This directly conflicts with 42 U.S.C. § 667(b)(2), which provides:
There shall be a rebuttable presumption, in any judicial or administrative proceeding for the award of child support , that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, as determined under criteria established by the State, shall be sufficient to rebut the presumption in that case.
*670 (Effective Oct. 13, 1988; emphasis added.) See also 45 C.F.R. § 302.56(f) ("Effective October 13, 1989, the State must provide that there shall be a rebuttable presumption , in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of the guidelines established under paragraph (a) of this section is the correct amount of child support to be awarded.") (effective Oct. 13, 1989) (amended Dec. 20, 2016) (emphasis added). Congress may impose terms and conditions on federally funded state programs. King v. Smith , 392 U.S. 309, 333 n.34, 88 S.Ct. 2128, 2141 n.34, 20 L.Ed.2d 1118 (1968). As a condition of receiving Title IV-D funds, Wyoming must comply with these conditions. The $50 mandatory minimum plainly contradicts the rebuttable presumption requirement in 42 U.S.C. § 667(b)(2), and I would hold it invalid under the Supremacy Clause. U.S. Const. art. VI; Wyo. Const. art. I, § 37 ; Guy v. Lampert , 2016 WY 77, ¶ 24, 376 P.3d 499, 504 (Wyo. 2016) (stating that preemption doctrine arises from the Supremacy Clause and invalidates state laws that are contrary to federal law and nullifies them to the extent they actually conflict with federal law); see also Marriage of Gilbert , 88 Wash.App. 362, 370-71, 945 P.2d 238, 241-42 (1997) (holding Supremacy Clause preempted statutory provision mandating minimum $25 per child support obligation because it contradicted section 667(b)(2) 's rebuttable presumption requirement); Rose ex rel. Clancy v. Moody , 83 N.Y.2d 65, 71-72, 607 N.Y.S.2d 906, 629 N.E.2d 378 (1993) (holding Supremacy Clause preempted mandatory $25 minimum support obligation because 42 U.S.C. § 667(b)(2) directly prohibited a state from enacting child support guidelines that do not permit rebuttal) (citing In re Haney v. Haney , 188 A.D.2d 999, 1000, 592 N.Y.S.2d 531 (1992) ). Cf. A.M.S. ex rel. Farthing v. Stoppleworth , 694 N.W.2d 8, 11-12 (N.D. 2005) (holding child support guidelines were not preempted because they provided several grounds on which presumptively correct award could be rebutted).
[¶29] For these reasons, I would address the issue Father raises and find that Wyo. Stat. Ann. § 20-2-304(b), as applied to Father, violates the Supremacy Clause.

The record on appeal does not indicate whether the hearing was a contested evidentiary hearing or whether counsel and the parties presented an agreement to the court.

Because there were no financial affidavits and no findings of the parties' actual incomes or a statutorily presumed support amount, it cannot be determined whether the child support amount was based on actual incomes when the hearing occurred, anticipated incomes at Father's expected release, or solely on a statutory minimum.

Rule 6(c)(4) states that "[a]ny motion, under Rules 50(b) and (c)(2), 52(b), 59 and 60(b), not determined within 90 days after filing shall be deemed denied unless, within that period, the determination is continued by order of the court ...." Thus, Father's motion was deemed denied on July 2, 2018, ninety days after filing, excluding Sunday.

Today, a monthly income of $846.00 is the starting point of the presumptive table. Wyo. Stat. Ann. § 20-2-304 (LexisNexis 2017). In 2011, a monthly income of $833.00 was the starting point of the presumptive table. Wyo. Stat. Ann. § 20-2-304 (LexisNexis 2011).

The court's findings-which considered the needs of the children and the timing of Father's release-do not support an argument that the court applied an irrebuttable presumption.

The Legislature repealed Wyo. Stat. Ann. § 20-2-304(b) in 2018. Wyo. Sess. Laws 2018, ch. 42, § 2, effective July 1, 2018.