# IN THE SUPREME COURT, STATE OF WYOMING

# 2020 WY 80

APRIL TERM, A.D. 2020

*June 23, 2020*

CHERYL A. TARTER,

**Appellant**
**(Defendant),**

v.

S-19-0258

CHARLES Q. TARTER,

**Appellee**
**(Plaintiff).**

*Appeal from the District Court of Laramie County*
*The Honorable Catherine R. Rogers, Judge*

*Representing Appellant:*
    Sue Davidson, Aspen Ridge Law Offices, PC, Cheyenne, Wyoming.

*Representing Appellee:*
    Andrew D. Bailey, Bailey Stock Harmon Cottam Lopez LLP, Cheyenne, Wyoming.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Cheryl A. Tarter appeals an order denying her motions to amend or set aside the default divorce decree (Default Decree) entered against her on May 10, 2018.  Ms. Tarter contends, as relevant to this opinion, the decree is void due to invalid service by publication.  Because we agree the Default Decree is void, we reverse and remand with instructions to vacate.

## *ISSUE*

[¶2]    Is the Default Decree entered against Ms. Tarter void for failure of service by publication?

## *FACTS*

[¶3]    Ms. Tarter and Charles Q. Tarter were married in Cheyenne in 1998.  They have no children together.  She and Mr. Tarter separated in August 2016, when she moved to a home the parties owned in Michigan.  Following their separation, Ms. Tarter and Mr. Tarter occasionally discussed how and when they would dissolve their marriage and address the support she would need due to serious health issues that had prevented her from working full time since February 2014.

[¶4]    Mr. Tarter filed for divorce in Laramie County, Wyoming in March 2017, sooner than Ms. Tarter expected.  A Michigan process server unsuccessfully attempted to serve Ms. Tarter with the divorce complaint on five different occasions in March and April.  Mr. Tarter filed an affidavit in support of service by certified mail in May.  The certified mailing to Ms. Tarter at her Michigan address was returned unclaimed.

[¶5]    In June, Mr. Tarter filed an affidavit in support of service by publication and published legal notice in the Pine Bluffs Post over four weeks spanning parts of June and

1

July.[1]  Ms. Tarter did not answer.[2]  At Mr. Tarter's request and on receipt of the required documentation, the district court clerk entered default on November 14, 2017.

[¶6]  Mr. Tarter filed a motion to enter a default divorce decree and a supporting affidavit on April 27, 2018.  He asserted that because he had "completed his twenty years of creditable military service," Ms. Tarter was qualified to "receive the military 20/20/20 benefit"; he wanted her to receive that benefit; and he and Ms. Tarter had settled all property matters.  The court entered the Default Decree, summarily finding that Ms. Tarter was properly served by publication.  The court divided the couple's property and debt, ruling that "[e]ach of the parties shall retain sole and exclusive ownership of any and all retirement he or she is to receive."  The court made no ruling concerning Ms. Tarter's 20/20/20 benefit.  Mr. Tarter remarried on September 7, 2018.

[¶7]  In December 2018, Ms. Tarter filed a motion to amend or set aside the Default Decree claiming it inequitably denied her any share of Mr. Tarter's military retirement.  She relied on W.R.C.P. 60(a) or, alternatively, Rule 55 and Rule 60(b)(1), (3), or (6).  She argued good cause existed to set the Default Decree aside because her failure to answer Mr. Tarter's complaint "was the result of mistake, inadvertence, surprise and excusable neglect."

---

[1] The Secretary of Pine Bluffs Post, a weekly newspaper of general circulation, published the notice on June 29, July 6, July 13, and July 20.  The notice stated:

**IN THE FIRST JUDICIAL DISTRICT COURT**
**LARAMIE COUNTY, WYOMING**
**CHARLES Q. TARTER, Plaintiff, vs.**
**CHERYL A. TARTER, Defendant**
**Docket 187, No. 533**
**LEGAL NOTICE**

TO: Cheryl A. Tarter

BE ADVISED that Charles Q. Tarter, Plaintiff, has filed in the District Court, First Judicial District, Laramie County, Wyoming, a Complaint for Divorce, Docket 187, No. 533.

BE ADVISED that if you wish to challenge or contest the complaint, you must file with the Office of the Clerk of the District Court your answer to the complaint within 30 days from the last date of publication of this notice.  Failure to answer may result in default being entered against you, and the Plaintiff may be granted relief sought in the complaint.

Mary T. Parson
Parsons & Associates, P.C. Attorney for Plaintiff
2123 Pioneer Avenue Cheyenne, WY 82001 (307) 778-2822
**Legal No: 170124 Published in the Pine Bluffs Post June 29,**
**July 6, July 13, July 20, 2017**

[2] Because failure of service in accordance with W.R.C.P. 4 controls this decision, we do not set forth the facts related to why Ms. Tarter failed to answer or decide whether she established good cause under W.R.C.P. 55(c).

[¶8]    On May 6, 2019, the day before the court was to hear her motion, Ms. Tarter filed an amended motion asserting the Default Decree was void because Mr. Tarter had failed to comply with the service by publication requirements in W.R.C.P. 4; however, she did not cite Rule 60(b)(4) as grounds for relief.  The May 7 hearing was unreported.  The court denied Ms. Tarter's motions by order entered July 17, 2019, succinctly ruling she had not established good cause under Rule 55(c), nor grounds for relief under Rule 60(b)(1), (3), or (6).  Ms. Tarter timely appealed.[3]

## *STANDARD OF REVIEW*

[¶9]    Both parties suggest we should review the alleged failure of service under W.R.C.P. 4 for plain error.  Neither party, however, cites to pertinent authority nor explains why the plain error standard should apply when Ms. Tarter brought Mr. Tarter's alleged Rule 4 failings to the district court's attention prior to the hearing on her motions to amend or set aside the Default Decree.

[¶10]  It is well established we review the denial of a W.R.C.P. 60 motion for an abuse of discretion unless the judgment is attacked under Rule 60(b)(4).  *State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo. 1989).  "When [a] judgment is attacked pursuant to W.R.C.P. 60(b)(4), . . . there is no question of discretion" in granting or denying relief— "either the judgment is void or it is valid" and "the trial court must act accordingly." *Id.*; *Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 69, 427 P.3d 708, 728 (Wyo. 2018); *Matter of Guardianship of MKH*, 2016 WY 103, ¶ 15, 382 P.3d 1096, 1100 (Wyo. 2016).

[¶11]  The question here is whether Ms. Tarter attacked the Default Decree under Rule 60(b)(4).  Although Ms. Tarter requested relief, in relevant part, under Rule 60(b)(1), (3), or (6),[4] and the district court understandably ruled on those grounds, her amended motion

---

[3] We denied Mr. Tarter's Motion to Dismiss Appeal, confirming the appealability of an order denying relief under W.R.C.P. 60(b).

[4] W.R.C.P. 60 states in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

clearly asserted Mr. Tarter failed to strictly comply with W.R.C.P. 4 service requirements as the law requires. If Mr. Tarter failed to strictly comply with Rule 4, the Default Decree is void and the district court lacked personal jurisdiction over Ms. Tarter. *Rosty v. Skaj*, 2012 WY 28, ¶ 22, 272 P.3d 947, 955 (Wyo. 2012). Under these circumstances, we believe it appropriate to consider the district court's ruling akin to one declining to set aside the Default Decree as void under Rule 60(b)(4) and we review the ruling accordingly.[5] *See MKH*, ¶ 15, 382 P.3d at 1100 (deciding the court's order was "more akin to a Rule 60(b)(4) order setting aside a judgment as void for lack of jurisdiction" even though Father challenged the order in the form of a Rule 12(b)(1) motion to dismiss).

## *DISCUSSION*

[¶12] Ms. Tarter claims that Mr. Tarter failed to comply with numerous W.R.C.P. 4 service by publication requirements. Her amended motion specifically claimed that the publication notice did not include her Michigan address as known to Mr. Tarter, or set forth the exact date by which her answer was due. She also claimed Mr. Tarter did not file the affidavit following publication as Rule 4 requires.[6] Mr. Tarter responds that he substantially complied with those requirements and Ms. Tarter was not prejudiced by any of the alleged failures.

[¶13] Prejudice does not factor into our analysis because we have long required strict compliance with rules governing service by publication. *Goss*, 780 P.2d at 312 (The requirements of W.R.C.P. 4 concerning service by publication "are minimal and demand

---

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

[5] This approach is further supported by our "obligation to raise questions of jurisdiction on our motion" even had Ms. Tarter failed altogether to question the Default Decree's validity. *Goss v. Goss*, 780 P.2d 306, 307 (Wyo. 1989); *see also Pease Bros. v. American Pipe & Supply Co.*, 522 P.2d 996, 1002–03 (Wyo. 1974) (A defect in service is not waived by failing to raise the issue on a subsequent motion to vacate a default judgment.).

[6] In her amended motion, Ms. Tarter relied on subsections (e)(9) and (f) of the 2016 version of W.R.C.P. 4. However, "[e]ffective March 1, 2017, the Wyoming Rules of Civil Procedure were repealed and replaced in their entirety." *Matter of Estate of Meeker*, 2017 WY 75, ¶ 10 n.2, 397 P.3d 183, 187 n.2 (Wyo. 2017). Because the replacement rules took effect shortly before Mr. Tarter filed his divorce complaint on March 13, 2017, they governed these proceedings. The rules on which Ms. Tarter relied in her amended motion remained substantively the same after they were repealed and replaced, but subsections (e) and (f) were re-lettered as (k) and (l), respectively. *Compare* W.R.C.P. 4(e)(9), (f) (LexisNexis 2016), *and* W.R.C.P. 4(k)(9), (l) (LexisNexis 2019). W.R.C.P. 4 has not been amended since March 1, 2017. W.R.C.P. 4 (LexisNexis 2019).

4

strict compliance."); *Emery v. Emery*, 404 P.2d 745, 748 (Wyo. 1965); *see also Rosty*, ¶ 22, 272 P.3d at 955 ("Strict compliance with the requirements of service of process is mandatory. Any omissions of statements that are required under W.R.C.P. 4 are fatal and such omission prevents the trial court from obtaining jurisdiction of the defendant." (quoting *Hoke v. Motel 6 Jackson & Accor N. Am., Inc.*, 2006 WY 38, ¶ 7, 131 P.3d 369, 374 (Wyo. 2006))). Any failure to comply with those requirements "deprives the district court of jurisdiction over the person to be served and prevents it from entering a valid and binding judgment." *Goss*, 780 P.2d at 312. Stated differently, defective service by publication is invalid and "any judgment purportedly grounded upon that service is rendered void." *Id.* (citations omitted).

[¶14] The record substantiates that Mr. Tarter failed to comply with W.R.C.P. 4 in several respects. First, Mr. Tarter did not comply with the Rule 4 requirements with respect to Ms. Tarter's Michigan address. Those requirements differ depending on whether Ms. Tarter's address was known or unknown. *See* W.R.C.P. 4(l).[7] Mr. Tarter's Affidavit in Support of

---

[7] Subsection (l) provides the following:

> (1) *Affidavit Required.* Before service by publication can be made, an affidavit of the party, or the party's agent or attorney, must be filed stating:
>
> > (A) that service of a summons cannot be made within this state, on the defendant to be served by publication, and
> >
> > (B) stating the defendant's address, if known, or that the defendant's address is unknown and cannot with reasonable diligence be ascertained, and
> >
> > (C) detailing the efforts made to obtain an address, and
> >
> > (D) that the case is one of those mentioned in subdivision (k), and
> >
> > (E) when such affidavit is filed, the party may proceed to make service by publication.
>
> (2) *Publication and Notice to Clerk.*
>
> > (A) Address in publication. **In any case in which service by publication is made when the address of a defendant is known, it must be stated in the publication.**
> >
> > (B) Notice to and from clerk. Immediately after the first publication the party making the service shall deliver to the clerk copies of the publication, and the clerk shall mail a copy to each defendant whose name and address is known by registered or certified mail and marked "Restricted Delivery" with return receipt requested, directed to the defendant's address named therein, and make an entry thereof on the appearance docket.

Service by Publication did not clearly state whether Ms. Tarter's address was known or unknown. It instead presented Mr. Tarter's knowledge of her last known address and facts related to the failed efforts to serve Ms. Tarter at that address in person or by certified mail.

[¶15] If Mr. Tarter knew Ms. Tarter's Michigan address, he was required to state that address in both the affidavit in support of service by publication and the published notice. W.R.C.P. 4(l)(1)(B), (2)(A). As noted above, the affidavit equivocally stated: Ms. Tarter's "last known address is [***] [***] Street, Manistee, Michigan"; "[a]ffiant's knowledge of the last known address of [Ms. Tarter] was obtained from [Mr. Tarter][.]" The published notice did not include Ms. Tarter's address. Consequently, if Mr. Tarter knew Ms. Tarter's Michigan address, he failed to comply with W.R.C.P. 4(l)(1)(B) and (2)(A).

[¶16] Even if we accept Mr. Tarter's argument he did not know Ms. Tarter's address with certainty due to her repeated avoidance of service and her failure to claim the certified mailing, the affidavit in support of service by publication was deficient. It did not state that Ms. Tarter's address was unknown and could not with reasonable diligence be ascertained, nor detail the efforts made to obtain an address for her, as W.R.C.P. 4(l)(1)(B)–(C) plainly requires.

[¶17] We further note the affidavit in support of service by publication failed to strictly comply with W.R.C.P. 4(l)(1)(D), in that it erroneously referenced Rule 4(e) instead of Rule 4(k), as the basis on which service by publication was proper in this case. When the Rule 4 replacement took effect on March 1, 2017, subsection (k) became the provision that identifies those cases in which "[s]ervice by publication may be had[,]" including "suits for divorce [and] alimony . . . when the defendant is a nonresident of the state, or the defendant's residence cannot be ascertained, or the defendant keeps concealed in order to avoid service of process[.]" W.R.C.P. 4(k)(9). Subsection (e) became the provision that addresses personal service on someone in the United States. W.R.C.P. 4(e).

---

(C) Affidavit at time of hearing. In all cases in which a defendant is served by publication of notice and there has been no delivery of the notice mailed to the defendant by the clerk, the party who makes the service, or the party's agent or attorney, at the time of the hearing and prior to entry of judgment, shall make and file an affidavit stating

(i) the address of such defendant as then known to the affiant, or if unknown,

(ii) that the affiant has been unable to ascertain the same with the exercise of reasonable diligence, and

(iii) detailing the efforts made to obtain an address.

W.R.C.P. 4(l) (emphasis added).

6

[¶18] Finally, we found nothing in the record to indicate Mr. Tarter filed the post-publication affidavit Rule 4(l)(2)(C) required because of the fact Mr. Tarter relied on publication of notice and there is no record of "delivery of the notice mailed to the defendant[.]" W.R.C.P. 4(l)(2)(B), (C). Mr. Tarter does not claim he filed this required affidavit; instead, he argues "[t]he procedural safeguards put in place for service by publication are there, so defendants have ample opportunity to answer complaints filed against them. [Ms. Tarter] had more than enough time and chances to participate in this divorce proceeding. She simply chose to avoid it." Mr. Tarter's frustration, even if justifiable, cannot excuse noncompliance with Rule 4(l)(2)(C).

[¶19] These failings, individually and collectively, deprived the court of personal jurisdiction over Ms. Tarter, thus rendering the Default Decree void. *Goss*, 780 P.2d at 312; *Emery*, 404 P.2d at 748; *see also Hoke*, ¶ 7, 131 P.3d at 374; *Rosty*, ¶ 22, 272 P.3d at 955.

[¶20] Mr. Tarter seeks to distinguish *Goss*, which declared void a default decree to modify child custody not a divorce default decree, and *Emery*, which declared void a divorce decree entered just five days prior to Mr. Emery's remarriage. *Goss*, 780 P.2d at 307–08; *Emery*, 404 P.2d at 747, 749. We declared the judgment in each case void for failure to strictly comply with the service by publication rule. *Goss*, 780 P.2d at 307–08, 312; *Emery*, 404 P.2d at 747–49. Mr. Tarter encourages us to distinguish those cases in order that his own marriage four months following the Default Decree will not be impacted. Though we appreciate Mr. Tarter's difficult situation, strict compliance with W.R.C.P. 4 is not conditioned on the type of judgment to be set aside or how long one waits following a default divorce decree before remarrying. "[W]ith respect to all judicial proceedings, the principles of due process demand that a party called upon to answer a complaint . . . be furnished notice of the allegations against [her] and a meaningful opportunity to be heard on the issues." *Goss*, 780 P.2d at 310 (citations omitted). It is for this reason the law demands strict and full compliance with rules permitting service by publication. We have no more discretion to overlook due process principles in this case than we did in *Goss* or *Emery*.

[¶21] For these reasons, we must declare the Default Decree void, reverse the district court's order denying Ms. Tarter's motions to amend or set aside the Default Decree, and remand this matter with instructions that the district court vacate the Default Decree.