# IN THE SUPREME COURT, STATE OF WYOMING

# 2021 WY 59

APRIL TERM, A.D. 2021

April 29, 2021

MICHAEL SCOTT CARROLL, II,

Appellant
(Petitioner),

v.                                                                  S-20-0217

MIRANDA CHRISTINE GIBSON,

Appellee
(Respondent).

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant:*
    Michael Scott Carroll, II, pro se.

*Representing Appellee:*
    No appearance.

*Representing Intervenor:*
    Bridget Hill, Wyoming Attorney General; Misha Westby, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Wendy S. Ross, Senior Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    This case is before us for a second time on denial of a W.R.C.P. 60(b) motion.  In 2012, the district court ordered Michael Scott Carroll to pay $50 a month in child support to Miranda Christine Gibson as part of the parties' divorce decree.  In 2018, Mr. Carroll moved for relief from the court's income withholding order under W.R.C.P. 60(b)(6), arguing that Wyo. Stat. Ann. § 20-2-304(b) (LexisNexis 2011) is unconstitutional because it conflicts with federal law.  We affirmed the denial of his motion.  *MSC v. MCG*, 2019 WY 59, ¶¶ 8–15, 442 P.3d 662, 665–67 (Wyo. 2019).  In 2020, Mr. Carroll moved for relief from the court's child custody and support order under W.R.C.P. 60(b)(4), arguing the child support order is void because § 20-2-304(b) is unconstitutional.  Mr. Carroll appealed after his motion was deemed denied.  We affirm.

### *ISSUE*

[¶2]    Mr. Carroll identifies one issue on appeal:

> Whether the $50.00 minimum support obligation prescribed by Wyo. Stat. Ann. § 20-2-304(b) and applied to Mr. Carroll is unconstitutional?

[¶3]    The dispositive issue, however, is whether W.R.C.P. 60(b)(4) can relieve Mr. Carroll from the district court's child support order.[1]

### *FACTS*

[¶4]    The facts before us have not changed, but the procedural posture has.

[¶5]    In December 2012, the district court entered an order establishing custody and support for Mr. Carroll and Ms. Gibson's children.  Each party was represented by counsel.  The court waived the requirement that the parties file financial affidavits.  It did not calculate a statutorily presumed child support amount, but did find deviation from the child support guidelines necessary.  The court found that Mr. Carroll was incarcerated, "not scheduled to be released until late November, 2012[,]" and "not realistically able to earn imputed income."  It was in the children's best interests that Mr. Carroll pay the statutory minimum child support—$50 per month—pursuant to Wyo. Stat. Ann. § 20-2-304(b).[2]  The court also entered an income withholding order, as required by Wyo. Stat. Ann. § 20-6-204(a) (LexisNexis 2011).  Mr. Carroll did not directly appeal either order.

---

[1] Ms. Gibson did not file a brief.  The Wyoming Attorney General filed a brief, but limited its analysis to the statute's constitutionality.

[2] The Wyoming Legislature repealed § 20-2-304(b), effective July 1, 2018.  2018 Wyo. Sess. Laws, Ch. 42, §§ 2–3 (H.B. 17); *Webb v. State ex rel. Dep't of Fam. Servs., Child Support Enf't Div.*, 2020 WY 111, ¶ 6, 471 P.3d 289, 291 (Wyo. 2020); *MSC*, ¶ 5, 442 P.3d at 665.

1

[¶6]   In April 2018, Mr. Carroll filed a pro se motion entitled "Petitioner's Motion for Relief from Child Support Order."  The motion requested relief from the income withholding order pursuant to W.R.C.P. 60(b)(6), on grounds that the minimum child support obligation under § 20-2-304(b) facially contradicted 42 U.S.C. § 667(b)(2).  That section of the federal statutes establishes a "rebuttable presumption" that the amount calculated for support under state guidelines is the appropriate amount.  42 U.S.C.A. § 667(b)(2) (West 2011).  In his motion, Mr. Carroll argued § 20-2-304(b) creates an irrebuttable presumption in violation of the supremacy clause of the United States Constitution.  U.S. Const. art. VI, cl. 2; Wyo. Stat. Ann. § 20-2-304(b).  His motion was deemed denied[3] and he appealed.

[¶7]   We summarily affirmed the denial of Mr. Carroll's W.R.C.P. 60(b)(6) motion on alternative grounds.  *MSC*, ¶¶ 8–15, 442 P.3d at 665–67.  First, we determined that Mr. Carroll challenged the wrong order.  *See id.* ¶¶10–12, 442 P.3d at 665–66.  Instead of challenging the child support order, he challenged the income withholding order.  *Id.* ¶¶ 10–11, 442 P.3d at 665–66.  The statutes made clear those challenges are not the same, and Mr. Carroll provided no cogent argument that his challenge to the income withholding order could result in the relief he sought.  *Id.* ¶¶ 11–12, 442 P.3d at 666.  Second, we determined that even if Mr. Carroll intended to challenge the child support order, there were significant reasons to summarily affirm.  *Id.* ¶ 13, 442 P.3d at 666.  Specifically, Mr. Carroll failed to present a record that allowed us to determine why the district court found $50 appropriate—because of other income, an irrebuttable presumption, a rebuttable presumption, Mr. Carroll's stipulation, or some other evidence.  *Id.* ¶¶ 13–14, 442 P.3d at 666.  Also, Mr. Carroll did not present any cogent argument or statutory analysis to support his claim that Wyoming's statutory approach to setting child support includes an irrebuttable presumption.  *Id.* ¶ 15, 442 P.3d at 667.

[¶8]   In June 2020, Mr. Carroll moved for relief from the custody and support order pursuant to W.R.C.P. 60(b)(4).  He argued that § 20-2-304(b) is unconstitutional for the same reasons articulated in his earlier motion and, thus, contended that the child support order is void.  This motion was deemed denied on September 10, 2020.  Mr. Carroll timely appealed.

### *STANDARD OF REVIEW*

[¶9]   W.R.C.P. 60(b) permits relief from a final judgment in six circumstances, one of which is relevant to our analysis in this case: "(4) the judgment is void[.]"[4]  "It is well

---

[3] A Rule 60(b) motion "not determined within 90 days after filing shall be deemed denied unless, within that period, the determination is continued by order of the court[.]"  W.R.C.P. 6(c)(4).

[4] W.R.C.P. 60(b) states:

> (b) *Grounds for Relief from a Final Judgment, Order, or Proceeding. —*
> On motion and just terms, the court may relieve a party or its legal

2

established we review the denial of a W.R.C.P. 60 motion for an abuse of discretion unless the judgment is attacked under Rule 60(b)(4)." *Tarter v. Tarter*, 2020 WY 80, ¶ 10, 466 P.3d 829, 831 (Wyo. 2020) (citing *State ex rel. TRL by Avery v. RLP*, 772 P.2d 1054, 1057 (Wyo. 1989)). "'When [a] judgment is attacked pursuant to W.R.C.P. 60(b)(4), . . . there is no question of discretion' in granting or denying relief—'either the judgment is void or it is valid' and 'the trial court must act accordingly.'" *Id.* (quoting *TRL*, 772 P.2d at 1057); *Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 69, 427 P.3d 708, 728 (Wyo. 2018). In other words, we review denial of a Rule 60(b)(4) motion de novo. *See Tarter*, ¶ 10, 466 P.3d at 831; *Johnson v. Spencer*, 950 F.3d 680, 695 (10th Cir. 2020).[5]

## *DISCUSSION*

[¶10]   Most of Mr. Carroll's argument focuses on why we should declare Wyo. Stat. Ann. § 20-2-304(b) unconstitutional. From there, he summarily suggests that the district court's child support order is void, asserting that "judicial action under guise of an unconstitutional statute must be reversed" and "unconstitutional statutes have historically been viewed as void *ab initio*." The relevant question we must answer, however, is this: Even assuming the statute is unconstitutional and the district court impermissibly applied an irrebuttable

---

representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Subsection (c) states that a Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." "It is, however, nearly universally recognized that there are generally no time limits on the filing of a Rule 60(b)(4) motion." *Linch v. Linch*, 2015 WY 141, ¶ 14, 361 P.3d 308, 312 (Wyo. 2015).

[5] "Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules." *Gunsch v. State*, 2019 WY 79, ¶ 15 n.4, 444 P.3d 1278, 1282 n.4 (Wyo. 2019) (quoting *Oldroyd v. Kanjo*, 2019 WY 1, ¶ 9, 432 P.3d 879, 882 (Wyo. 2019)). W.R.C.P. 60(b)(4) and F.R.C.P. 60(b)(4) are identical. *See* F.R.C.P. 60(b)(4).

presumption to determine Mr. Carroll's child support obligation,[6] would the child support order be void? Because we conclude it would be voidable, not void, W.R.C.P. 60(b)(4) cannot relieve Mr. Carroll from the child support order.

[¶11] There is an important distinction between a void judgment and an erroneous, and thus voidable, judgment—particularly in the W.R.C.P. 60(b)(4) context. "A void judgment is essentially a nullity; it is entitled to no force or effect." *2-H Ranch Co., Inc. v. Simmons*, 658 P.2d 68, 72 (Wyo. 1983) (citations omitted)). "Although the term 'void' describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010) (citations omitted). "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* A judgment "is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Essex*, ¶ 69, 427 P.3d at 728 (citation omitted).

[¶12] An erroneous judgment, on the other hand, is not void—it is voidable. *Gillis v. F & A Enterprises*, 934 P.2d 1253, 1255 (Wyo. 1997); *Matter of Guardianship of MKH*, 2016 WY 103, ¶ 15, 382 P.3d 1096, 1100 (Wyo. 2016) (citing *Linch*, ¶ 10, 361 P.3d at 311). A voidable judgment "is issued by a court with jurisdiction, but is subject to reversal on timely direct appeal." *Gillis*, 934 P.2d at 1255 (citation omitted). "Until reversed, a voidable judgment is binding and enforceable and 'constitutes sufficient justification for all acts done in its enforcement.'" *Id.* (citation omitted).

[¶13] Mr. Carroll does not contend the child support order is void because the district court lacked jurisdiction of the subject matter or parties, or that it acted in a manner inconsistent with due process of law. He contends the child support order is void because the underlying child support statute is unconstitutional. In support of his argument, he points out that judicial action under an unconstitutional statute must be reversed and that an unconstitutional statute is void. We do not disagree with either point. *See, e.g.*, *Kordus v. Montes*, 2014 WY 146, ¶ 31, 337 P.3d 1138, 1148 (Wyo. 2014) (reversing an order dismissing appellant's claim because the district court relied on an unconstitutional statute); *Bender v. Phillips*, 8 P.3d 1074, 1079 (Wyo. 2000) (reversing an order for sanctions because the sanctions were issued in reliance on an unconstitutional statute); *Bell v. Gray*, 377 P.2d 924, 926 (Wyo. 1963) (discussing whether a law that is void in part should be declared unconstitutional as a whole). But those general principles do not answer the question before us.

---

[6] The record in this appeal suffers the same deficiencies as the record Mr. Carroll submitted in *MSC*. *See MSC*, ¶¶ 13–14, 442 P.3d at 666-67.

4

[¶14] We have never squarely decided whether a civil judgment based on an unconstitutional statute is void or merely erroneous and thus voidable. Other courts have. Surveying various cases and sources on the issue, the Texas Supreme Court recognized "some authority to the contrary[,]" but ultimately decided "the correct rule, supported by the more numerous and better reasoned decisions, [is] that where the unconstitutionality of a statute goes only to the merits of the cause of action, and not to the jurisdiction of the court, a judgment in a civil suit based thereon is not void but merely erroneous, and remains effective until regularly set aside or reversed." *Commonwealth of Massachusetts v. Davis*, 140 Tex. 398, 404–05, 168 S.W.2d 216, 220 (1942) (collecting cases from Texas, Iowa, the United States Supreme Court, Oklahoma, Missouri, Wisconsin, and the Eighth Circuit Court of Appeals).

[¶15] Drawing on some of the same cases, 16 C.J.S. *Constitutional Law* § 271 similarly identifies the general approach to judgments based on unconstitutional statutes:

> Judgments made pursuant to unconstitutional statutes are, according to some authority, void and should be reversed. Accordingly, convictions under unconstitutional statutes are void. However, this rule has been limited by some courts to direct attacks, and a judgment in a civil action under an unconstitutional statute is not void but merely voidable, or merely erroneous, and remains effective until regularly set aside or reversed. Furthermore, if a judgment becomes final before the statute is declared unconstitutional, it is valid and binding and cannot be disturbed, unless it is void or voidable for some other reason, at least where the court had jurisdiction to render the particular judgment. Also, effect will be given to judicial acts done pursuant to a statute subsequently declared unconstitutional in other proceedings where equitable considerations so require for the purpose of doing justice in the circumstances of a given case. On the other hand, if all the proceedings have not been completed before a statute purporting to give jurisdiction is held unconstitutional, and all the parties are before the court, relief from the proceedings should be granted.

16 C.J.S. *Constitutional Law* § 271, Westlaw (database updated March 2021) (footnotes omitted); *see also* 47 Am. Jur. 2d *Judgments* § 712, Westlaw (database updated Feb. 2021); 46 Am. Jur. 2d *Judgments* § 14, Westlaw (database updated Feb. 2021); *Off. of Att'y Gen., Dep't of Legal Affs. v. Nationwide Pools, Inc.*, 270 So.3d 406, 409 (Fla. Dist. Ct. App. 2019); *Chambers v. State*, 261 S.W.3d 755, 759 (Tex. App. 2008); *Ingram v. Knippers*, 2003 OK 58, ¶ 13, 72 P.3d 17, 21; *Margoles v. Johns*, 660 F.2d 291, 295 (7th Cir. 1981).

[¶16]  We adopt this sound reasoning and approach and conclude that W.R.C.P. 60(b)(4) cannot relieve Mr. Carroll from the child support order.  We have never found Wyo. Stat. Ann. § 20-2-304(b) unconstitutional and the statute does not go to the district court's jurisdiction over the divorce proceedings or the parties—it goes to the merits of the child support calculation.  Accordingly, even if the child support statute is unconstitutional and the district court calculated Mr. Carroll's child support based on an impermissible irrebuttable presumption, the child support order would be voidable, not void.

[¶17]  Mr. Carroll could have challenged the statute's constitutionality in the district court during his divorce proceedings—the cases from other jurisdictions he relies on to support his argument that the statute is unconstitutional were decided before the divorce decree was entered—and he could have appealed the divorce decree.  *See Webb*, ¶¶ 11–13, 471 P.3d at 292–93 (affirming denial of Mr. Webb's Rule 60(b)(6) motion because he could have raised his argument that § 20-2-304(b) is unconstitutional before the divorce decree was entered, and he could have appealed the divorce decree).  He did neither and cannot now use Rule 60(b)(4) as a substitute for the relief he seeks.  *See Espinosa*, 559 U.S. at 270, 275, 130 S.Ct. at 1377, 1380 (explaining that a Rule 60(b)(4) motion "is not a substitute for a timely appeal" and the rule "does not provide a license for litigants to sleep on their rights").

### *CONCLUSION*

[¶18]  W.R.C.P. 60(b)(4) cannot relieve Mr. Carroll from the district court's child support order because even if Wyo. Stat. Ann. § 20-2-304(b) is unconstitutional and the district court impermissibly applied an irrebuttable presumption to calculate Mr. Carroll's child support obligation, the order would not be void.  We therefore affirm the district court's denial of Mr. Carroll's W.R.C.P. 60(b)(4) motion.

6