# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 111

**APRIL TERM, A.D. 2020**

**August 26, 2020**

| | |
|---|---|
| CLINT RAYMOND WEBB,<br><br>Appellant<br>(Respondent),<br><br>v.<br><br>STATE OF WYOMING, ex rel.<br>DEPARTMENT OF FAMILY<br>SERVICES, CHILD SUPPORT<br>ENFORCEMENT DIVISION,<br><br>Appellee<br>(Petitioner),<br><br>and<br><br>JULIE ALIA WEBB,<br><br>Appellee<br>(Plaintiff). | S-20-0031 |

*Appeal from the District Court of Natrona County*
The Honorable Daniel L. Forgey, Judge

*Representing Appellant:*
    *Pro se.*

*Representing Appellee State of Wyoming, ex rel. Department of Family Services, Child Support Enforcement Division:*
    Bridget Hill, Wyoming Attorney General: Misha Westby, Deputy Attorney General; Jill E. Kucera, Senior Assistant Attorney General; Wendy S. Ross, Senior Assistant Attorney General.

*Representing Appellee Julie Alia Webb:*
    Pro se.

**Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.**

**KAUTZ, J, delivers the opinion of the Court; FOX, J., files a specially concurring opinion in which DAVIS, CJ., joins.**

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ, Justice.**

[¶1]    The district court ordered Clint Raymond Webb (Clint) to pay $50 a month in child support to Julie Alia Webb (Julie) as part of the parties' divorce decree.[1]  Several years later, Clint filed a motion to modify and correct the child support order, arguing it was unconstitutional because it conflicted with federal law.  The district court denied the motion.  Finding no abuse of discretion, we affirm.

## ISSUE

[¶2]    The dispositive issue is:

> Did the district court abuse its discretion in denying Clint's "Motion to Modify and Correct Unconstitutional Child Support Order"?

## FACTS

[¶3]    Clint and Julie were married in 2000.  They had two children who were born in 2001 and 2007.  The parties separated in April 2014, and Julie filed for divorce on June 26, 2014.  A few days later, Clint drove his vehicle into Julie's vehicle.  He left the scene, only to return and attempt to hit her as she was standing outside her disabled vehicle.  A jury convicted him of two counts of aggravated assault and battery with a deadly weapon, one count of felony property destruction, and one count of attempted second degree murder.  He was sentenced to a total term of 35-52 years imprisonment.  We affirmed his convictions and sentences on appeal.  *See Webb v. State*, 2017 WY 108, 401 P.3d 914 (Wyo. 2017).

[¶4]    In March 2016, after Clint's criminal trial had concluded, the district court held a bench trial in the divorce proceedings.  Per the district court's request, Clint and Julie each submitted proposed divorce decrees for the court's consideration.  Relevant here, Clint proposed paying $50 per month in child support beginning March 15, 2016.  He noted he had no income and a limited ability to earn an income in the future.  He stated the proposed amount was required by Wyo. Stat. Ann. § 20-2-304(b) (LexisNexis 2015), which, at that time, provided that "in no case shall the support obligation be less than fifty dollars ($50.00) per month."  He recognized he owed back child support totaling $800.  Julie also proposed Clint's child support obligation be $50 a month pursuant to § 20-2-304(b) but suggested the support obligation begin on June 1, 2016.  She noted, however, that "[Wyo. Stat. Ann.] § 20-2-307 states that a presumptive child support calculation creates a rebuttable presumption, and a court may deviate upon a specific finding that the application of presumptive child support would be unjust or inappropriate in a particular case."

---

[1] Because the parties share the same surname, we refer to them by their first names.

[¶5]    The district court entered the divorce decree on July 8, 2016. Pursuant to § 20-2-304(b), it ordered Clint to pay $50 a month in child support beginning May 1, 2016. It also ordered him to pay $900 in back child support. Clint did not appeal from the divorce decree. In October 2016, the parties notified the district court that although Clint had paid only some of the $900 in back child support, they had agreed to deem this obligation satisfied. The district court entered an order approving the parties' agreement.

[¶6]    Approximately two years later, in July 2018, the Wyoming Legislature repealed § 20-2-304(b). *See* 2018 Wyo. Sess. Laws, Ch. 42, §§ 2-3 (H.B. 17). In December 2018, Clint filed a *pro se* "Motion to Modify and Correct Unconstitutional Child Support Order," arguing the district court's order requiring him to pay $50 in child support pursuant to § 20-2-304(b) was unconstitutional. According to him, the $50 minimum child support amount mandated by § 20-2-304(b) was irrebuttable and therefore conflicted with 42 U.S.C. § 667(b)(2), which requires states to make presumptive child support amounts rebuttable as a condition of receiving federal funds for the purpose of maintaining a child support enforcement program.[2] *See* Title IV, Part D of the Social Security Act, 42 U.S.C. §§ 651-669b. He sought reversal of the child support order, modification of any arrearages, and reimbursement for all child support paid. A few months later, the State filed a petition to modify the child support order in accordance with existing guidelines and to enter a judgment for any past due child support.[3] Clint responded to the State's petition, reiterating the child support order was unconstitutional and therefore any arrearages should be dismissed and he should be reimbursed for the child support he had already paid.

[¶7]    The district court granted the State's petition after a hearing. It modified Clint's child support obligation to $0, retroactive for four months for a total credit of $200. It found Clint to be in arrears $812.90. After applying the $200 credit, it ordered Clint to pay $612.90. In the same order, the district court denied Clint's "Motion to Modify and Correct Unconstitutional Child Support" because he did not serve Julie with the motion; the divorce was final on July 8, 2016, and neither party appealed; both parties stipulated to satisfaction of the back child support order resulting from the divorce decree; and there was no

---

[2] 42 U.S.C. § 667(b)(2) provides:

> There shall be a rebuttable presumption, in any judicial or administrative proceeding for the award of child support, that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded. A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, as determined under criteria established by the State, shall be sufficient to rebut the presumption in that case.

[3] The record does not reveal how or why the State became involved in the proceedings. In his brief, Clint claims he asked the State to modify his child support obligation and correct the past due child support amount after the district court declined to hold a hearing on his motion to modify and correct.

controlling authority indicating § 20-2-304(b) was unconstitutional. This *pro se* appeal followed.

## DISCUSSION

[¶8]    Clint appeals from the district court's denial of his "Motion to Modify and Correct Unconstitutional Child Support Order." He and the State agree this motion was equivalent to a motion under Rule 60(b)(6), which allows a court to relieve a party from a final judgment or order for "any other reason that justifies relief." We review the denial of a Rule 60(b)(6) motion for an abuse of discretion. *See Olson v. Schriner*, 2020 WY 36, ¶ 15, 459 P.3d 453, 458 (Wyo. 2020). "A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances." *McBride-Kramer v. Kramer*, 2019 WY 10, ¶ 11, 433 P.3d 529, 532 (Wyo. 2019) (quoting *Three Way, Inc. v. Burton Enters., Inc.*, 2008 WY 18, ¶ 16, 177 P.3d 219, 225 (Wyo. 2008)) (other citation omitted). "[T]he ultimate issue is whether the court could reasonably conclude as it did." *Id*.

[¶9]    Clint repeats his argument that the $50 child support order was unconstitutional because it was rendered pursuant to the now-repealed § 20-2-304(b) which conflicted with federal law. He also argues for the first time on appeal that (1) he was denied his rights to due process and equal protection because he was not given an opportunity to rebut the mandatory minimum $50 child support amount; and (2) the district court abused its discretion in ordering him to pay $50 per month in child support as it should have deviated from that amount due to his inability to earn an income while incarcerated.

[¶10]   To obtain relief under Rule 60(b)(6), Clint had to "'show the existence of unusual circumstances that justify the extraordinary relief requested.'" *Essex Holding, LLC v. Basic Props., Inc.*, 2018 WY 111, ¶ 72, 427 P.3d 708, 729 (Wyo. 2018) (quoting *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988)). He failed to satisfy his burden for two reasons.

[¶11]   First, Clint advocated for the $50 child support order in his proposed divorce decree. Although he stated such order was required under § 20-2-304(b), he did not argue at that time the statute was unconstitutional. Yet, in his motion to modify and correct, he relied on cases from New York and Washington, wherein the courts declared their respective states' mandatory minimum child support obligations unconstitutional because they were irrebuttable and therefore conflicted with federal law. *See In re Marriage of Gilbert*, 945 P.2d 238, 241-42 (Wash. App. 1997); *Pickering v. Langdon*, 1994 WL 568588, *2-3 (N.D. N.Y. Sept. 30. 1994) (citing *Rose ex rel. Clancy v. Moody*, 607 N.Y.S.2d 906, 907-09, 629 N.E.2d 378, 380-81 (N.Y. 1993)); *In re Haney v. Haney*, 592 N.Y.S.2d 531, 188 A.D.2d 999, 1000 (N.Y. App. Div. 1992). These cases were all decided <u>before</u> the divorce decree

was entered in this case.[4]  Clint provides no justification for not raising his argument that § 20-2-304(b) was unconstitutional prior to the divorce decree.  Rule 60(b)(6) relief is not available in such circumstances.  *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1357 (11th Cir. 2014) ("Plaintiffs are not entitled to Rule 60(b)(6) extraordinary relief because they did not [make this argument] before and they offer no credible justification for that oversight now.").[5]  *See also*, 11 Wright & Miller, Federal Practice & Procedure Civ. § 2864 (3d ed. April 2020 update) ("[T]he broad power granted by [Rule 60(b)(6)] is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made.  A party remains under a duty to take legal steps to protect his own interests.").

[¶12]  Similarly, Clint could have tried to rebut the $50 child support obligation or requested a deviation from it at the time of the divorce decree.  At that time, he was incarcerated and knew his ability to earn any income in the future was severely limited.  Indeed, he noted his incarceration and income limitations in his proposed divorce decree; yet, he did not seek relief from the $50 child support obligation.  He failed to do so even though Julie recognized in her proposed divorce decree the presumptive child support calculation was rebuttable under § 20-2-307 and a court could deviate therefrom upon a showing that application of the presumptive child support amount would be unjust or inappropriate in a particular case.

[¶13]  Second, Clint could have raised all of his current arguments in an appeal from the divorce decree.  He did not, however, file an appeal.  He cannot now use Rule 60(b)(6) as a substitute for his failing to do so.  *See Essex Holding, LLC,* ¶ 72, 427 P.3d at 728-29 ("'[A] motion under Rule 60(b) cannot be used as a substitute for [a direct] appeal' of the underlying judgment.") (quoting *31.63 Acres of Land*, 840 F.2d at 761) (other citation omitted); *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal"; "[f]or this reason, arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b)(6) motion.") (citations omitted).[6]

---

[4] In his supplemental response to the State's petition, Clint relied on the dissent in *MSC, II v. MCG*, 2019 WY 59, ¶¶ 26, 28, 442 P.3d 662, 668, 670 (Wyo. 2019) (Fox, J., concurring in part and dissenting in part, in which Davis, C.J., joined) (stating, in dissent, that § 20-2-304(b) is unconstitutional because it conflicts with federal law and therefore violates the Supremacy Clause), which was issued after the divorce decree. *MSC* does not help him, however, because "a dissent is not controlling precedent." *See Cure v. State*, 7 A.3d 145, 152 (Md. Ct. Spec. App. 2010). *See also, Hale v. Comm. on Character & Fitness for State of Ill.*, 335 F.3d 678, 684 (7th Cir. 2003) ("[A] dissent does not reflect the state of the law.").

[5] Because W.R.C.P. 60(b)(6) is similar to its federal counterpart, federal cases construing the latter are persuasive authority. *Pena v. State,* 2013 WY 4, ¶ 48, 294 P.3d 13, 22 (Wyo. 2013) (quoting *Johnson v. State,* 2009 WY 104, ¶ 14, 214 P.3d 983, 986 (Wyo. 2009)).

[6] In his reply brief, Clint argues he did not need to appeal from the divorce decree because each monthly child support assessment is a discrete judgment and therefore the violation of his rights is ongoing. *See*

4

# CONCLUSION

[¶14]   The district court did not abuse its discretion in denying Clint's "Motion to Modify and Correct Unconstitutional Child Support Order."  We affirm.

---

Wyo. Stat. Ann. § 20-2-310(c) (LexisNexis 2019) ("In any case in which child support has been ordered to be paid to the clerk, any periodic payment or installment under the provisions of an order concerning maintenance is, on the date it is due, a judgment by operation of law."); *see also Rambo v. Rambo*, 2017 WY 32, ¶ 9, 391 P.3d 1108, 1111 (Wyo. 2017) ("[Section] 20-2-310(c) provides a separate mechanism for the enforcement of a child support order"; it renders each child support payment, on or after the date it is due, a judgment by operation of law, meaning it "becomes a judgment without any further action on the part of the obligee.").  The cases he cites for this proposition are not on point as they pertain to when a cause of action accrues for purposes of a statute of limitations.  *See, e.g., SEC v. Kokesh*, 884 F.3d 979, 981-82 (10th Cir. 2018); *Mata v. Anderson*, 635 F.3d 1250, 1253 (10th Cir. 2011).  In any event, it was the divorce decree, not each individual monthly assessment, which mandated the $50 monthly child support payment of which Clint now complains.

Clint also argues in his reply brief that the State's attorneys violated Wyo. Stat. Ann. § 33-5-114 (LexisNexis 2019) and Rule 8.4(c) of the Wyoming Rules of Professional Conduct by making dishonest and deceptive statements in their appellate brief.  He contends they misrepresented that (1) the district court found § 20-2-304(b) to be constitutional when in fact it decided only that there was no controlling authority indicating the statute was unconstitutional; (2) the parties agreed to "eliminate" any arrearages but the arrearages were actually satisfied and paid in full; and (3) he requested the $50 child support award but failed to state he did so only because the amount was required by § 20-2-304(b).  We view these statements differently.  The first and second statements constitute a reasonable interpretation of the district court's order and, at most, a poor word choice, respectively.  As to the last statement, while the State's attorneys did not explicitly say Clint requested the $50 child support because it was required under § 20-2-304(b), they did note several times in their brief that Clint requested the $50 child support award pursuant to § 20-2-304(b).  It appears to be a matter of advocacy, rather than dishonesty or deceit.

5

**FOX, Justice, concurring in part and dissenting in part, in which DAVIS, Chief Justice, joins.**

[¶15] Although I continue to believe that Wyo. Stat. Ann. § 20-2-304(b) is unconstitutional, *see MSC v. MCG*, 2019 WY 59, 442 P.3d 662 (Wyo. 2019) (Fox, J., concurring in part and dissenting in part), I concur in the majority's opinion because I agree that the district court did not abuse its discretion in denying Mr. Webb's W.R.C.P. 60(b)(6) motion under the circumstances of this case.