# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 75

APRIL TERM, A.D. 2022

June 16, 2022

DIANA W.R. MYERS,

Appellant
(Defendant),

v.

S-21-0253

GRIFFIN R. MYERS,

Appellee
(Plaintiff).

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
Devon P. O'Connell, Jodi D. Shea, Pence and MacMillan LLC, Laramie Wyoming. Argument by Ms. Shea.

*Representing Appellee:*
Aaron J. Lyttle, Farrah L. Spencer, Long Reimer Winegar LLP, Park City, Utah. Argument by Mr. Lyttle.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, and GRAY, and FENN, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Diana W.R. Myers and Griffin Myers divorced in March 2019.  In June 2021, Diana filed a W.R.C.P. 60(b)(6) motion seeking relief from their marital settlement agreement and divorce decree on the grounds that an asset divided pursuant to their divorce turned out to be worth significantly more than she believed during mediation.  On consideration of the parties' filings alone, and without ordering discovery or holding a hearing, the district court denied her motion.  Diana now challenges that ruling, contending she was entitled to initial disclosures under W.R.C.P. 26(a)(1.1) and additional discovery to develop her claim.  Because Diana had no right to discovery on her Rule 60(b)(6) motion, and we conclude the court did not abuse its discretion when it denied her motion, we affirm.

## *ISSUES*

[¶2]    We restate the issues:

> I. Did Diana have a right to discovery on her Rule 60(b) motion?
>
> II. Did the district court abuse its discretion when it concluded Diana's Rule 60(b)(6) motion asserted improper grounds, was untimely, and failed to demonstrate extraordinary circumstances?

## *FACTS*

[¶3]    Griffin and Diana married in June 2008 in Tennessee.  During the marriage, the couple had homes and resided in Chicago, Illinois, and Jackson, Wyoming.  They had no children.  In 2012, Griffin and other partners founded Oak Street Health, LLC, a company that provided healthcare for adults on Medicare in medically underserved areas.

[¶4]    Griffin filed for divorce in February 2019.  Without obtaining counsel, the parties engaged in mediation and entered into a marital settlement agreement dividing their approximately $5.1 million marital estate.  The February 2019 settlement agreement addressed Oak Street Health as follows:

> [Griffin] owns certain equity interests in Oak Street Health. The total value of the equity is unknown at the time of this Agreement and the parties acknowledge in 2015 that they signed a post-nuptial agreement characterizing these stock interests as Griffin's separate property.[1]  Notwithstanding

---

[1] The postnuptial agreement provided:

1

that post-nuptial agreement, the parties agree that in the event of a full or partial sale, redemption or initial public offering (IPO) (hereafter a liquidity event) of Oak Street Health at any point during the five years following the legal dissolution of marriage, Diana shall receive 10% of the proceeds of the liquidity event in cash. Diana's cumulative receipts under this paragraph shall be capped at $1,500,000.

Their divorce decree, dated March 9, 2019, incorporated the settlement agreement by reference.

[¶5]   In August 2020, Diana learned that Oak Street Health had filed for its IPO in September 2019 and that Griffin owned 6,494,940 vested and unvested shares which, at a then share price of $39.00, totaled about $250 million. In June 2021, Diana filed a Rule 60(b)(6) motion seeking to "reopen the case for a just and equitable division of the value of Oak Street Health". She claimed that at the time she filed her motion, Griffin's interests were worth about $400 million.

[¶6]   Diana argued that the distribution of property was not equitable and that extraordinary circumstances warranted reopening the divorce decree and redistributing the property. She claimed she had asked Griffin about the value of Oak Street Health during mediation, and that he told her they "would be lucky if the interests were worth $10 million or $20 million." She further maintained that "[s]ince 2015," Griffin had "continually represented to [her] that the value of the interests in Oak Street Health was unknown or nominal." Diana claimed she relied on these representations when she agreed to the Oak Street Health division set forth in the settlement agreement. She argued that Griffin came into possession of his shares during the marriage, the value of Oak Street Health was built with her support, and that to deny her the fruits of the IPO event would "offend[] all notions of justice and equity."

[¶7]   Griffin responded, arguing Diana's motion was not a proper Rule 60(b)(6) motion because it asserted 60(b)(1) grounds, and that, regardless, it was untimely under either

---

Diana agrees that in the event an [a]ction for the [l]egal [t]ermination of the [m]arriage is commenced, under no circumstances shall she seek, nor shall she be awarded, in whole or in part, any of Griffin's right, title and interest in kind or otherwise, whatsoever in [Oak Street Health], its assets and/or affiliates and/or subsidiaries, including, but not limited to, any proceeds from the sale or liquidation of said entities or stock sale or transfer of interest therefrom.

The parties clearly reached a new and different agreement when they included Oak Street Health in their marital settlement agreement in 2019. The settlement agreement was incorporated into the divorce decree and is the focus of this appeal.

2

subsection. Griffin also contended Diana failed to satisfy her burden of proving extraordinary circumstances as required under 60(b)(6) because she had made a "free, calculated, and deliberate choice" to sign the settlement agreement and the settlement agreement was not unconscionable. Furthermore, Griffin maintained that he "truthfully and accurately communicated his understanding of the [] value of his assets, including his interest in Oak Street Health" during the proceedings, and that "[t]he value of Oak Street Health appreciated significantly following entry of the [d]ivorce [d]ecree, particularly during the global COVID-19 pandemic, which drove a significant increase in demand for the type of healthcare services provided by Oak Street Health."

[¶8] Diana filed a reply, maintaining her motion was properly brought under Rule 60(b)(6), it was not untimely, and she was entitled to a reopening of the decree to redistribute the marital property. At no time during the pendency of these filings did Diana reference or request discovery. After reviewing the motion, response, and reply, the district court entered an order denying Diana's motion. The court reasoned that Diana failed to demonstrate extraordinary circumstances that warranted reopening the decree, the motion likely should have been brought under another 60(b) subsection, and it was untimely.

[¶9] Diana appealed the court's denial of her motion.

## DISCUSSION

[¶10] Rule 60(b) allows courts to "reliev[e] a party from the oppression of a final judgment" that was "unfairly or mistakenly entered." *Painovich v. Painovich*, 2009 WY 116, ¶ 8, 216 P.3d 501, 504 (Wyo. 2009) (quoting *Erhart v. Flint Eng'g & Constr.*, 939 P.2d 718, 722 (Wyo.1997)); *Campbell v. Hein*, 2013 WY 131, ¶ 11, 311 P.3d 165, 168 (Wyo. 2013). The rule provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

3

[¶11]   We review a district court's ruling on a Rule 60(b)(6) motion for abuse of discretion. *Webb v. State ex rel. Dep't of Family Servs., Child Support Enforcement Div.*, 2020 WY 111, ¶ 8, 471 P.3d 289, 292 (Wyo. 2020) (citation omitted).  "A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances." *Id.* (quoting *McBride-Kramer v. Kramer*, 2019 WY 10, ¶ 11, 433 P.3d 529, 532 (Wyo. 2019)).  "[T]he ultimate issue is whether the court could reasonably conclude as it did." *Id.* (quoting *McBride-Kramer*, ¶ 11, 433 P.3d at 532).

[¶12]   Before we review the merits of the court's Rule 60(b)(6) ruling, however, we address the post-judgment discovery issue Diana raises for the first time on appeal.

## I.   *Diana had no right to discovery on her Rule 60(b) motion.*

[¶13] Diana argues she was entitled to discovery on her Rule 60(b)(6) motion. Specifically, she contends that Rule 26(a)(1.1)[2] applies in Rule 60(b) proceedings and

---

[2] Diana cites to Rule 26(a)(1.1)(A) and (B), which provide:

> In divorce actions the following initial disclosures are required in pre-decree proceedings, and in post-decree proceedings to the extent that they pertain to a particular claim or defense:
>
> (A) A schedule of financial assets, owned by the party individually or jointly, which shall include savings or checking accounts, stocks, bonds, cash or cash equivalents, and shall include:
>
> (i) the name and address of the depository;
> (ii) the date such account was established;
> (iii) the type of account;
> (iv) the account number;
> (v) the current value of the account; and
> (vi) whether acknowledged to be a marital asset or asserted to be a non-marital asset and, if asserted to be a non-marital asset, an explanation of the legal and factual basis for such assertion;
>
> (B) A schedule of non-financial assets, owned by the party individually or jointly, which schedule shall include:
>
> (i) the purchase price and the date of acquisition;
> (ii) the present market value;
> (iii) any indebtedness relating to such asset;
> (iv) the state of record ownership;
> (v) the current location of the asset;
> (vi) whether purchased from marital assets or obtained by gift or inheritance; and
> (vii) whether acknowledged to be a marital asset or asserted to be a non-marital asset and, if asserted to be a non-marital asset, an explanation of the legal and factual basis for such assertion[.]

4

requires that the parties at least exchange initial disclosures. By denying her motion without ordering the parties to exchange disclosures and discovery, Diana asserts the district court violated her right to due process.

[¶14] We held in *In re Estate of Novakovich*, 2004 WY 158, 101 P.3d 931 (Wyo. 2004), that a party has no absolute right to post-judgment discovery. *See id.* ¶ 30, 101 P.3d at 939. Looking to precedent discussing a party's right to discovery in Rule 60(b) proceedings for guidance, we explained that "[p]ost-judgment discovery involves considerations not present in discovery prior to a judgment." *Id.* ¶ 25, 101 P.3d at 937.

> As can be seen by the text of the discovery rules, in the early stages of litigation the parties are permitted broad access to information held by the other side. This broad access exists even though compliance with discovery requests often creates considerable burdens on the responding party. The policy for this liberal attitude is the belief that both parties must be permitted to scrutinize all relevant evidence so that each will have a fair opportunity to present its case at trial, and the flexible provisions contained in the rules serve this end. Following a judgment, this discovery policy is not equally forceful in the sense that, once judgment is obtained, the party has had such an opportunity.

*Id.* (internal citation omitted).

[¶15] In *Novakovich*, we specifically considered whether the Appellant, who had filed a petition to reopen probate proceedings a year after the probate had closed, was entitled to conduct discovery to establish the validity of his claim. *Id.* ¶¶ 1, 2, 3–4, 101 P.3d at 932. Because the issue was a matter of first impression, and the Appellant's petition, in essence, "s[ought] relief from a final judgment[,]" we looked to Rule 60(b) precedent, and found two federal cases particularly instructive. *Id.* ¶¶ 20–24, 101 P.3d at 936–37 (citing *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976) and *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981)); *see also Jontra Holdings Pty Ltd v. Gas Sensing Tech. Corp.*, 2021 WY 17, ¶ 76, 479 P.3d 1222, 1244 (Wyo. 2021) ("Where our rules are sufficiently similar to federal rules, we consider federal decisions interpreting them persuasive." (citation omitted)).[3]

[¶16] The first case, *H.K. Porter*, held that the district court had discretion to require a party filing a Rule 60(b) motion to make a showing in support of its claim before ordering the parties to engage in discovery on the motion. *Novakovich*, ¶ 22, 101 P.3d at 936 (citing *H.K. Porter*, 536 F.2d at 1119). Because the moving party failed to make a prima facie

---

[3] F.R.C.P. 60(b) is identical to the Wyoming rule. *Compare* F.R.C.P. 60(b), *and* W.R.C.P. 60(b).

showing in that case, the district court denied discovery on the motion. *Id.* (citing *H.K. Porter*, 536 F.2d at 1118–19). The Sixth Circuit explained that in post judgment proceedings, "the public interest of the judiciary in protecting the finality of judgments" is a primary consideration and it would undermine public interest if the court required the prevailing party to resubmit discovery absent a prima facie showing. *Id.* (citing *H.K. Porter*, 536 F.2d at 1118, 1119).

[¶17] The Ninth Circuit adopted that same reasoning in *Valerio v. Boise Cascade Corp.*, when it affirmed a California district court's denial of a party's request for discovery on a post judgment motion because the party had failed to make a prima facie showing of success on the merits. *Novakovich*, ¶ 23, 101 P.3d at 936–37 (citing *Valerio*, 80 F.R.D. at 646–47). Like in *H.K. Porter*, the court stressed the public interest in honoring the finality of judgments. *Id.* (citing *Valerio*, 80 F.R.D. at 647); *see also Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1, 7–8 (1st Cir. 1999) (collecting cases to demonstrate that "after final judgment has [been] entered, our strong interest in the finality of judgments leads courts to intervene in a search for evidence of fraud only if there has been some showing that a fraud actually has occurred").

[¶18] Relying on *H.K. Porter* and *Valerio*, and considering the "policy of promoting the 'finality' of judgments," we held in *Novakovich* that "[a]s with Rule 60 motions," "it is within the district court's discretion to require the party seeking to reopen the estate to make a prima facie showing to support its allegations before requiring the personal representative to submit to discovery." *Novakovich*, ¶¶ 22–30, 101 P.3d at 936–39.

[¶19] Finality is rarely more important than in divorce cases. *See Meiners v. Meiners*, 2019 WY 39, ¶ 12, 438 P.3d 1260, 1266 (Wyo. 2019) (explaining that finality is especially important in "divorce cases when the emotional involvement of the parties tends to magnify the importance of all matters in connection therewith" (citation omitted)). Thus, in line with our holding in *Novakovich*, we conclude that (1) Diana had no absolute right to post-judgment discovery, and (2) had she requested discovery, the court had discretion to first require a prima facie showing on her claim.[4] Diana made no such request or showing, and we therefore have no discovery ruling to review and find no support for Diana's due process claim. *See Miller v. Beyer*, 2014 WY 84, ¶ 34, 329 P.3d 956, 967 (Wyo. 2014) ("It simply is not appropriate for this Court to reverse a district court ruling on grounds that were never presented to it . . . particularly [] when our review is for an abuse of discretion because to determine whether there was an abuse we necessarily must consider the arguments and evidence presented to the district court." (citation omitted)).

[¶20] Accordingly, we find no error in the court's denial of Diana's motion on the filings alone. To hold otherwise "would frustrate our goal of securing the 'just, speedy, and inexpensive determination of every action.'" *See Jontra Holdings*, ¶ 42, 479 P.3d at 1235

---

[4] Rule 26(a) is a self-executing rule. Diana could have submitted her own disclosures, but did not.

6

(quoting *Windsor Energy Grp., LLC v. Noble Energy, Inc.*, 2014 WY 96, ¶ 22, 330 P.3d 285, 291 (Wyo. 2014)); *see also* W.R.C.P. 1.

## II.   The district court reasonably concluded Diana's Rule 60(b)(6) motion asserted improper grounds, was untimely, and failed to demonstrate extraordinary circumstances.

[¶21]   "Relief under Rule 60(b)(6) is appropriate only if the grounds asserted for relief do not fit under any of the other subsections of Rule 60(b)." *Margoles v. Johns*, 798 F.2d 1069, 1073 n.6 (7th Cir. 1986) (citing *Klapprott v. United States*, 335 U.S. 601, 613, 69 S.Ct. 384, 389–90, 93 L.Ed. 266 (1949)); *see also Simon v. Navon*, 116 F.3d 1, 5 (1st Cir. 1997) (a Rule 60(b)(6) motion "is only appropriate when none of the first five subsections pertain" (citation omitted)); *Curtis v. Brunsting*, 860 Fed. Appx. 332, 335 (5th Cir. 2021). Otherwise, a party could use 60(b)(6) to circumvent the time limitations placed on motions under subsections (1) through (3). *Margoles*, 798 F.2d at 1073 n.6; *see* 35B C.J.S. *Federal Civil Procedure* §1298, Westlaw (May 2022 update) (Rule 60(b)(6) "may not be used to circumvent the one-year limitations period" governing motions for relief from judgment under Rule 60(b)(1), (2), or (3)). Rule 60(c)(1) requires that any Rule 60(b) motion "must be made within a reasonable time" and, more specifically, any motion under subsections (1), (2), and (3) must be made "no more than a year after the entry of the [final] order[.]" Diana's 60(b)(6) motion violated this principle.

[¶22]   Diana sought relief from the divorce decree on the grounds that she had relied on Griffin's representations about the value of the Oak Street Health interests when she agreed to the division set forth in the settlement agreement. During oral arguments, she characterized Griffin's representations as "misleading." It is unclear whether she believes Griffin's misleading representations were made pursuant to mistake or fraud, but in either case, other 60(b) subsections more directly pertain. *See* W.R.C.P. 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"); W.R.C.P. 60(b)(3) ("fraud . . . , misrepresentation, or misconduct by an opposing party"). Because Diana's claim fits squarely within one of the more specific Rule 60(b) subsections, the district court reasonably concluded that she improperly filed her motion as one warranting Rule 60(b)(6) relief.[5]

[¶23]   Even if Diana's motion properly requested Rule 60(b)(6) relief, the district court had discretion to determine whether it was filed within a "reasonable time." We have not provided any "hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion[.]" *Meiners*, ¶ 17, 438 P.3d at 1268 (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). "[C]ourts have found periods of as little as a few

---

[5] Diana conceded during oral arguments that because she did not learn the value of the Oak Street Health interests until August 2020, more than one year after entry of the divorce decree, she could not timely file a 60(b)(1) or (3) motion. Accordingly, she maintained that she brought a proper 60(b)(6) claim.

months unreasonable, and have found periods of as long as three years reasonable." *Id.* (quoting *Kagan*, 795 F.2d at 610). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Id.* (quoting *Kagan*, 795 F.2d at 610).

[¶24] Diana learned of the IPO in August 2020 and waited until June 2021 to file her motion. She explained that she attempted to confer with Griffin directly on this issue but provided no further explanation why she needed ten months to file her motion. Under these circumstances, the district court could reasonably conclude that Diana's delay filing her motion went "beyond the 'reasonable time' demanded by Rule 60(b)(6) under the facts of this case." *See Webb*, ¶ 8, 471 P.3d at 292; *see also Meiners*, ¶ 18, 438 P.3d at 1268 (collecting cases on what constitutes "reasonable time").

[¶25] The district court also reasonably concluded that Diana failed to assert extraordinary circumstances that warranted relief. A party seeking relief under Rule 60(b)(6) "must show the existence of unusual circumstances that justify the extraordinary relief requested." *Essex Holding, LLC v. Basic Props., Inc.*, 2018 WY 111, ¶ 72, 427 P.3d 708, 729 (Wyo. 2018) (quoting *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988)). The record makes clear that Diana freely agreed to the division of the interests in the settlement agreement, which explicitly acknowledged that "[t]he total value of the equity is unknown at the time of this [a]greement[.]"

[¶26] Diana did not dispute that she entered into the agreement freely, nor did she assert that she sought and was denied any opportunity to determine a more exact valuation of the interests during the divorce proceedings—she simply chose not to. *See Webb*, ¶ 11, 471 P.3d at 293 ("[T]he broad power granted by [Rule 60(b)(6)] is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made." (quoting 11 Wright & Miller, *Federal Practice & Procedure Civ.* § 2864 (3d ed. April 2020 update)). As the district court pointed out, the Oak Street Health interests could have been worth significantly more or less by the time any IPO event occurred and, in the end, Diana simply got "the benefit of the bargain that she negotiated and agreed to[.]" Consequently, the district court did not abuse its discretion by ruling that Diana's Rule 60(b)(6) motion asserted improper grounds, was untimely, and failed to demonstrate extraordinary circumstances.

## *CONCLUSION*

[¶27] Diana had no right to discovery on her Rule 60(b) motion, and the court did not abuse its discretion when it concluded her motion asserted improper grounds, was untimely, and failed to demonstrate extraordinary circumstances. For those reasons, we affirm.