# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 88

**APRIL TERM, A.D. 2022**

**July 14, 2022**

MICHAEL SCOTT CARROLL, II,

Appellant
(Respondent),

v.

STATE OF WYOMING, ex rel.
DEPARTMENT OF FAMILY
SERVICES, CHILD SUPPORT
ENFORCEMENT DIVISION,

Appellee
(Petitioner),

and

MIRANDA CHRISTINE GIBSON,
Appellee
(Respondent).

S-22-0033

*Appeal from the District Court of Laramie County*
*The Honorable Thomas T.C. Campbell, Judge*

*Representing Appellant (Respondent):*
   *Michael S. Carroll, II, Pro Se.*

*Representing Appellee (Petitioner) The State of Wyoming, ex rel. Department of Family*
*Services, Child Support Enforcement Division:*
   *Bridget Hill, Wyoming Attorney General; Misha Westby, Deputy Attorney General;*
   *Christina F. McCabe, Senior Assistant Attorney General; Wendy S. Ross, Senior*
   *Assistant Attorney General.*

*Representing Appellee (Respondent):*
    *No appearance.*


***Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.***

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]     The Department of Family Services, Child Support Enforcement Division ("Department") petitioned the district court to modify Michael Scott Carroll, II's 2012 child support order. Mr. Carroll answered and requested the court relieve him of his child support arrears. He claimed the statutory minimum child support obligation of $50 was unconstitutional. The district court denied his request for relief, modified the child support order, and ordered Mr. Carroll to pay $4,596.71 in child support arrears. Mr. Carroll appealed, and we affirm.

## *ISSUE*

[¶2]     Mr. Carroll raises one issue, which we rephrase as whether the district court abused its discretion when it denied his request for relief from the 2012 child support order.

## *FACTS*

[¶3]     This is the third time Mr. Carroll has brought his child support dispute to this Court.

> In December 2012, the district court entered an order establishing custody and support for Mr. Carroll and Ms. Gibson's children. Each party was represented by counsel. The court waived the requirement that the parties file financial affidavits. It did not calculate a statutorily presumed child support amount, but did find deviation from the child support guidelines necessary. The court found that Mr. Carroll was incarcerated, "not scheduled to be released until late November, 2012[,]" and "not realistically able to earn imputed income." It was in the children's best interests that Mr. Carroll pay the statutory minimum child support—$50 per month—pursuant to Wyo. Stat. Ann. § 20-2-304(b). The court also entered an income withholding order, as required by Wyo. Stat. Ann. § 20-6-204(a) (LexisNexis 2011). Mr. Carroll did not directly appeal either order.

> In April 2018, Mr. Carroll filed a pro se motion entitled "Petitioner's Motion for Relief from Child Support Order." The motion requested relief from the income withholding order pursuant to W.R.C.P. 60(b)(6), on grounds that the minimum child support obligation under § 20-2-304(b) facially contradicted 42 U.S.C. § 667(b)(2). That section of the federal statutes

1

establishes a "rebuttable presumption" that the amount calculated for support under state guidelines is the appropriate amount. 42 U.S.C.A. § 667(b)(2) (West 2011). In his motion, Mr. Carroll argued § 20-2-304(b) creates an irrebuttable presumption in violation of the supremacy clause of the United States Constitution. U.S. Const. art. VI, cl. 2; Wyo. Stat. Ann. § 20-2-304(b). His motion was deemed denied and he appealed.

[In his first appeal in 2018, we] summarily affirmed the denial of Mr. Carroll's W.R.C.P. 60(b)(6) motion on alternative grounds. *MSC* [*v. MCG*, 2019 WY 59, ¶¶ 8–15, 442 P.3d 662, 665–67 (Wyo. 2019).] First, we determined that Mr. Carroll challenged the wrong order. *See id.* ¶¶10–12, 442 P.3d at 665–66. Instead of challenging the child support order, he challenged the income withholding order. *Id.* ¶¶ 10–11, 442 P.3d at 665–66. The statutes made clear those challenges are not the same, and Mr. Carroll provided no cogent argument that his challenge to the income withholding order could result in the relief he sought. *Id.* ¶¶ 11–12, 442 P.3d at 666. Second, we determined that even if Mr. Carroll intended to challenge the child support order, there were significant reasons to summarily affirm. *Id.* ¶ 13, 442 P.3d at 666. Specifically, Mr. Carroll failed to present a record that allowed us to determine why the district court found $50 appropriate—because of other income, an irrebuttable presumption, a rebuttable presumption, Mr. Carroll's stipulation, or some other evidence. *Id.* ¶¶ 13–14, 442 P.3d at 666. Also, Mr. Carroll did not present any cogent argument or statutory analysis to support his claim that Wyoming's statutory approach to setting child support includes an irrebuttable presumption. *Id.* ¶ 15, 442 P.3d at 667.

*Carroll v. Gibson,* 2021 WY 59, ¶¶ 5-7, 485 P.3d 1004, 1006 (Wyo. 2021) (footnotes omitted).

[¶4]     In his second appeal in 2021, Mr. Carroll moved for relief from the child support order under W.R.C.P. 60(b)(4), claiming the order was void because Wyo. Stat. Ann. § 20-2-304(b) was unconstitutional. *Id.* at ¶ 10, 485 P.3d at 1007. We held W.R.C.P. 60(b)(4) could not relieve Mr. Carroll from the child support order "because even if Wyo. Stat. Ann.

2

§ 20-2-304(b) is unconstitutional and the district court impermissibly applied an irrebuttable presumption to calculate Mr. Carroll's child support obligation, the order would not be void." *Id.* at ¶ 18, 485 P.3d at 1009. "The Wyoming Legislature repealed § 20-2-304(b), effective July 1, 2018. 2018 Wyo. Sess. Laws, Ch. 42, §§ 2-3 (H.B. 17)." *Carroll*, 2021 WY 59, ¶ 5 n.2, 485 P.3d at 1006 n.2 (quoting *Webb v. State ex rel. Dep't of Fam. Servs., Child Support Enf't Div.*, 2020 WY 111, ¶ 6, 471 P.3d 289, 291 (Wyo. 2020)).

[¶5]    The Department then petitioned the district court to modify the 2012 child support order. It requested Mr. Carroll's child support be reduced for the reason that Mr. Carroll was incarcerated retroactive to July 1, 2018. It also requested the district court enter judgment on Mr. Carroll's child support arrears. In response, Mr. Carroll requested the district court relieve him of all child support arrears because § 20-2-304(b) was unconstitutional. The court held a hearing and entered an order modifying Mr. Carroll's child support obligation to $0, retroactive to July 1, 2018. It denied Mr. Carroll's request for relief and ordered him to pay $4,596.71 in child support arrears. Mr. Carroll timely appealed.

## *STANDARD OF REVIEW*

[¶6]    Mr. Carroll's request for relief was in substance a W.R.C.P. 60(b)(6) motion.[1] *See Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 33, 427 P.3d 708, 717 (Wyo. 2018) ("[T]his Court looks to the substance of a motion in order to determine the appropriateness of the motion.") (citations omitted). A trial court has discretion to deny relief under W.R.C.P. 60(b)(6), and we review the denial of relief for abuse of discretion. *Est. of Dahlke ex rel. Jubie v. Dahlke*, 2014 WY 29, ¶ 27, 319 P.3d 116, 124 (Wyo. 2014) (quoting *Vanasse v. Ramsay*, 847 P.2d 993, 996 (Wyo. 1993)). "An abuse of discretion occurs where the district court could not reasonably have concluded as it did." *Bartel v. West*, 2015 WY 136, ¶ 12, 357 P.3d 1166, 1169 (Wyo. 2015) (quoting *Drury v. State*, 2008 WY 130, ¶ 8, 194 P.3d 1017, 1019 (Wyo. 2008)). The movant has the burden to "bring his cause within the claimed grounds of relief and to substantiate these claims with adequate proof." *SWC Prod., Inc. v. World Energy Partners, LLC*, 2019 WY 95, ¶ 5, 448 P.3d 856, 858 (Wyo. 2019) (quoting *Painovich v. Painovich*, 2009 WY 116, ¶ 5, 216 P.3d 501, 503 (Wyo. 2009)). "An order denying relief will be reversed only if the trial court was clearly wrong." *Id.* (citing *Painovich*, 2009 WY 116, ¶ 5, 216 P.3d at 503).

---

[1]    (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\* \* \*

(6) any other reason that justifies relief.

W.R.C.P. 60(b)(6).

## DISCUSSION

[¶7]   Mr. Carroll argues the district court abused its discretion when it entered a judgment ordering him to pay $4,596.71 in child support arrears because Wyo. Stat. Ann. § 20-2-304(b) was unconstitutional. He contends the now-repealed statute was unconstitutional because it created an irrebuttable statutory minimum child support obligation of $50 per month in violation of 42 U.S.C.A. § 667(b)(2).

[¶8]   An appellant seeking relief under Rule 60(b)(6) must show "the existence of unusual circumstances that justify the extraordinary relief requested." *Webb v. State ex rel. Dep't of Fam. Servs., Child Support Enf't Div.*, 2020 WY 111, ¶ 10, 471 P.3d 289, 292 (Wyo. 2020) (quoting *Essex Holding*, 2018 WY 111, ¶ 72, 427 P.3d at 729). Mr. Carroll did not do so, and the district court thus did not abuse its discretion.

[¶9]   Mr. Carroll's case is similar to *Webb*, where Mr. Webb agreed to pay $50 per month in child support in his divorce decree, the minimum amount prescribed by § 20-2-304(b). 2020 WY 111, ¶ 4, 471 P.3d at 291. After the legislature repealed § 20-2-304(b), Mr. Webb petitioned the district court under Rule 60(b)(6) to modify the divorce decree and relieve him of his child support arrears. *Id.* at ¶ 6, 471 P.3d at 291-92. Like Mr. Carroll, he claimed § 20-2-304(b) unconstitutionally conflicted with 42 U.S.C.A. § 667(b)(2), relying on other jurisdictions that held the respective state statute conflicted with the federal statute. *Id.* at ¶ 11, 471 P.3d at 292. (citing *In re Marriage of Gilbert*, 945 P.2d 238, 241-42 (Wash. 1997); *Pickering v. Langdon*, 1994 WL 568588, *2-3 (N.D. N.Y. Sept. 30. 1994); *Rose ex rel. Clancy v. Moody*, 629 N.E.2d 378, 380-81 (N.Y. 1993); *In re Haney v. Haney*, 592 N.Y.S.2d 531, 532 (N.Y. App. Div. 1992)). We held Mr. Webb failed to meet his burden of showing the existence of unusual circumstances for two reasons. *Webb,* 2020 WY 111, ¶ 10, 471 P.3d at 292. First, he advocated for and agreed to the $50 per month child support obligation. *Id.* at ¶ 11, 471 P.3d at 292. He did not argue the statute was unconstitutional at the time of the divorce decree. *Id.* The cases he relied on were decided before the decree, and Mr. Webb provided no justification for not raising his argument prior to the decree. *Id.* at ¶ 11, 471 P.3d at 292-93. Second,

> [Mr. Webb] could have raised all of his current arguments in an appeal from the divorce decree. He did not, however, file an appeal. He cannot now use Rule 60(b)(6) as a substitute for his failing to do so. *See Essex Holding, LLC*, ¶ 72, 427 P.3d at 728-29 ("'[A] motion under Rule 60(b) cannot be used as a substitute for [a direct] appeal' of the underlying judgment.") (quoting *31.63 Acres of Land*, 840 F.2d at 761) (other citation omitted); *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) ("A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal"; "[f]or this reason, arguments that were, or should have been, presented on appeal are generally

4

> unreviewable on a Rule 60(b)(6) motion.") (citations and
> footnote omitted).

*Id.* at ¶ 13, 471 P.3d at 293. We thus held the district court did not abuse its discretion when it denied Mr. Webb's motion. *Id.* at ¶ 14, 471 P.3d at 293-94.

[¶10]   We reach the same result in Mr. Carroll's case. Mr. Carroll also relies on *Pickering*, *Rose*, *Haney*, and *Marriage of Gilbert* to support his argument. These cases were decided before the 2012 child support order, and as in *Webb*, he could have raised this argument at the time of the order. He also could have appealed the 2012 order and raised his argument on appeal but did not do so. "A motion under Rule 60(b) cannot be used as a substitute for a direct appeal of the underlying judgment." *Webb*, 2020 WY 111, ¶ 13, 471 P.3d at 293 (quoting *Essex Holding, LLC*, 2018 WY 111, ¶ 72, 427 P.3d at 728-29).

[¶11]   Affirmed.