# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 31

### OCTOBER TERM, A.D. 2024

### March 25, 2025

HAROLD SHEPPARD, JR., d/b/a
SHEPPARD TRUCKING,

Appellant
(Plaintiff),

v.

BOARD OF COUNTY
COMMISSIONERS, in and for BIG
HORN COUNTY, WYOMING,

Appellee
(Defendant).

S-24-0236

*Appeal from the District Court of Big Horn County*
The Honorable Bill Simpson, Judge

*Representing Appellant:*
Alexandria G. Zafonte, Vincent & Zafonte, LLC, Lander, Wyoming.

*Representing Appellee:*
Jennifer L. Kirk, Big Horn County Attorney's Office, Basin, Wyoming.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, JAROSH, JJ, and EAMES, District Judge.*

---

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**EAMES, District Judge.**

[¶1]     Harold Sheppard, Jr. appeals the district court's denial of his Wyoming Rule of Civil Procedure (W.R.C.P.) 60(b)(6) motion to reconsider the district court's order dismissing his case with prejudice for failure to prosecute.  Finding no abuse of discretion, we affirm.

## *ISSUE*

[¶2]     Mr. Sheppard states a single issue, which we restate as:

> Did the district court abuse its discretion in denying Mr. Sheppard's W.R.C.P. 60(b)(6) motion to reconsider?

## *FACTS*

[¶3]     Mr. Sheppard is a pilot who runs a plane salvage and trucking business.  In 2011, he began leasing part of the South Big Horn County Airport just outside Greybull, Wyoming, to operate a metal scrapping and recycling venture related to vintage planes.  In 2019, the County sued him for unpaid rent.  The circuit court issued a money judgment against Mr. Sheppard and ordered him to remove his property from the airport, which he failed to do.  In April 2021, the County filed a $543,600 storage lien against his property at the airport.  That July, Mr. Sheppard sued the Board of County Commissioners for Big Horn County (County Commissioners) in district court to stop the sale of his property, including planes, plane parts, and other materials and equipment, at public auction, to challenge the lien's validity, and to seek damages.  Over the next year, both parties filed various motions, Mr. Sheppard amended his complaint, and they agreed to maintain the status quo pending trial, which was set for November 2022.

[¶4]     In September 2022, the parties engaged in successful settlement negotiations.  The court then held a status conference on September 30, 2022, which counsel for both parties attended.  Although the status conference was not recorded, and no contemporaneous record appears to have been made by the court or the parties regarding what occurred at the status conference, there is no dispute that the November trial was vacated based on what occurred at the status conference.

[¶5]     Approximately 15 months after the status conference, on January 2, 2024, the County Commissioners moved to dismiss Mr. Sheppard's claims, with prejudice, for failure to prosecute, citing W.R.C.P. 41(b)(1) and U.R.D.C. 203(c) and (e).  In support of their motion, the County Commissioners recounted the following about the history of the case:  the parties engaged in successful settlement negotiations in September 2022; at the status conference on September 30, 2022, counsel for Mr. Sheppard notified the court that a bench trial was no longer needed; the court instructed Mr. Sheppard's counsel to draft a settlement agreement for approval by the County Commissioners and to file an order with

1

the court; and counsel for the County had no contact with Mr. Sheppard's counsel or Mr. Sheppard after September 30, 2022.

[¶6]     The court granted the County Commissioners' motion two days later, on January 4, 2024.  In its order, the court found that Mr. Sheppard failed to prosecute the case pursuant to U.R.D.C. 203(c), noted that the County Commissioners filed their motion pursuant to W.R.C.P. 41(b)(1), stated that the dismissal operated as an adjudication on the merits, and dismissed with prejudice all of Mr. Sheppard's claims.  Mr. Sheppard did not appeal the dismissal order.

[¶7]     More than two months later, on March 18, 2024, Mr. Sheppard filed a motion to reconsider under W.R.C.P. 60(b)(6).  In his motion, Mr. Sheppard asked to be relieved of the court's dismissal order because it was premature.  He requested the court enforce the execution of a settlement agreement before dismissing the case to ensure the agreement's provisions would be followed.  According to Mr. Sheppard, the parties had already made a deal, and the only remaining tasks were for the County Commissioners to sign the agreement, along with a lease that allowed Mr. Sheppard to store his planes in exchange for $19,179.

[¶8]     Mr. Sheppard further recounted that the County Commissioners were supposed to send him a draft lease agreement and he was supposed to send them the proposed settlement agreement.   However, the County Commissioners never provided him a draft lease agreement, and he did not want to make any payments pursuant to the settlement agreement until there was a signed lease.  Mr. Sheppard's counsel emailed opposing counsel a draft settlement agreement on May 19, 2023, but received no response.  Mr. Sheppard's counsel then tried to call opposing counsel on at least one or two occasions but could not reach her.  Mr. Sheppard attached several documents to his motion to reconsider, including a proposed settlement agreement that he asserted reflected the oral settlement agreement the parties reached in September 2022, and that he signed on January 24, 2024.

[¶9]     The County Commissioners opposed the motion for two reasons.  First, they argued Mr. Sheppard did not file his motion within a "reasonable time," as required by W.R.C.P. 60(c)(1) because he waited more than 20 days to contact the County Commissioners about the dismissal order and waited almost three months to file his motion to reconsider—well past the deadline to appeal the court's dismissal order.  Second, the County Commissioners argued Mr. Sheppard failed to prove any unusual circumstances that would justify the extraordinary relief he requested.  The County highlighted that, on September 30, 2022, the court required he draft the settlement agreement and provide it to the County Commissioners for review and approval, which he did not do.  According to the County Commissioners, "[t]here were plenty of things [Mr. Sheppard] could have done between September 2022 and January 2024" if he was concerned that the County Commissioners were not responding.  For example, he could have requested a status conference, filed the

2

settlement order under W.R.C.P. 58, filed a motion to enforce the settlement, or sent documents via certified mail to ensure they were received.

[¶10] The district court denied Mr. Sheppard's motion after a hearing, finding he "failed to meet the burden for relief under [W.R.C.P.] 60(b)(6)[.]" This appeal followed.

### STANDARD OF REVIEW

[¶11] "We review the denial of a Rule 60(b)(6) motion for an abuse of discretion." *Webb v. State ex rel. Dep't of Fam. Servs., Child Support Enf't Div.*, 2020 WY 111, ¶ 8, 471 P.3d 289, 292 (Wyo. 2020) (citing *Olson v. Schriner*, 2020 WY 36, ¶ 15, 459 P.3d 453, 458 (Wyo. 2020)). "A court abuses its discretion when it acts in a manner which exceeds the bounds of reason under the circumstances." *Myers v. Myers*, 2022 WY 75, ¶ 11, 511 P.3d 470, 474 (Wyo. 2022) (quoting *Webb*, ¶ 8, 471 P.3d at 292). "[T]he ultimate issue is whether the court could reasonably conclude as it did." *Id.* (quoting *Webb*, ¶ 8, 471 P.3d at 292).

### DISCUSSION

[¶12] On appeal, Mr. Sheppard argues the district court abused its discretion by denying his Rule 60(b)(6) motion because the parties reached a settlement agreement in September 2022, "[t]he tasks of putting that agreement and the lease in writing and Mr. Sheppard paying [the County Commissioners] were merely executory," and the County Commissioners began breaching the settlement agreement in January or February 2024. He contends that, upon being presented with these unusual circumstances, the district court should have relieved him of the dismissal order, "required the parties to sign the settlement paperwork and exchange the agreed upon consideration," and only then dismissed the case with prejudice. Mr. Sheppard further argues that he filed his motion within a "reasonable time" by filing it two months and 11 days after the district court entered the dismissal order.[1]

[¶13] Rule 60(b)(6) allows a court to relieve a party from a final judgment or order for "any other reason that justifies relief." W.R.C.P. 60(b)(6). "[T]he express purpose of this rule is to provide the courts with the means of relieving a party from the oppression of a final judgment … on a proper showing where such judgments are unfairly or mistakenly entered." *MSC v. MCG*, 2019 WY 59, ¶ 9, 442 P.3d 662, 665 (Wyo. 2019) (quoting

---

[1] Mr. Sheppard also makes passing reference to the fact that the district court granted the County Commissioners' motion to dismiss two days after it was filed, which was before his 20 days to respond under Rule 6 expired. We reject Mr. Sheppard's attempt to raise his Rule 6 issue in this appeal because he could have, but did not, appeal the district court's dismissal order; instead, he sought relief under Rule 60 after the time to appeal the dismissal order expired. *See Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, ¶ 72, 427 P.3d 708, 728–29 (Wyo. 2018) (noting that a Rule 60(b) motion "'cannot be used as a substitute for [a direct] appeal' of the underlying judgment").

*Kennedy v. Kennedy*, 483 P.2d 516, 518 (Wyo. 1971)). The party seeking relief under the rule "must show the existence of unusual circumstances that justify the extraordinary relief requested." *Myers*, ¶ 25, 511 P.3d at 477 (quoting *Essex Holding, LLC*, ¶ 72, 427 P.3d at 729). "[T]he broad power granted by [Rule 60(b)(6)] is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made. A party remains under a duty to take legal steps to protect his own interests." *Webb*, ¶ 11, 471 P.3d at 293 (quoting 11 Wright & Miller, Federal Practice & Procedure Civ. § 2864 (3d ed. April 2020 update)).

[¶14] The district court reasonably concluded that Mr. Sheppard failed to show he was entitled to the extraordinary relief he requested. When the district court heard Mr. Sheppard's Rule 60(b)(6) motion in April 2024, the parties disagreed on numerous issues. For example, the parties disagreed on the extent to which they had resolved the material terms of a settlement and lease during negotiations. They disagreed on what transpired at the September 30, 2022 status conference. They disagreed on why they failed to finalize the settlement and lease. And they disagreed on whether they had acted as though there was a settlement in place from September 2022 through January 2024. The parties continue to disagree about these issues on appeal. These areas of disagreement underscore why the district court did not abuse its discretion in denying Mr. Sheppard's Rule 60(b)(6) motion.

[¶15] Regardless of the precise reasons why a settlement agreement and lease were not executed, the district court could reasonably conclude that the parties needed to do more to finalize their settlement agreement after the September 30, 2022 status conference, which is why it did not dismiss the case at that time. The district court could also reasonably conclude that Mr. Sheppard failed to protect his own legal interests by ensuring that a settlement agreement and lease were executed. Consequently, he could not use Rule 60(b)(6) to avoid the natural consequence of his free, calculated, and deliberate choice: dismissal with prejudice for failure to prosecute his case. *See Webb*, ¶ 11, 471 P.3d at 293; U.R.D.C. 203(c) ("Cases on the docket in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution."); U.R.D.C. 203(e) ("Dismissal with prejudice shall be in conformity with the Wyoming Rules of Civil Procedure."); W.R.C.P. 41(b)(1) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits."). If, as Mr. Sheppard claimed, the County Commissioners did not send him a draft lease agreement to review, did not respond to his May 2023 email regarding the proposed settlement agreement, or did not return his phone calls, he should have asked the district court to intervene instead of allowing the case to lay dormant for 15 months. As Mr. Sheppard's counsel acknowledged to the district court, there was "a breakdown of communication" between the parties and she "should have followed up more diligently[.]"

[¶16] Furthermore, although the district court did not expressly find Mr. Sheppard's motion untimely, it could have reasonably denied his motion for that reason as well. *Winney v. Jerup*, 2023 WY 113, ¶ 30, 539 P.3d 77, 86 (Wyo. 2023) ("[W]e may affirm a district court decision on any basis supported by the record."). A Rule 60(b)(6) motion must be filed "within a reasonable time." W.R.C.P. 60(c)(1). We have not articulated any "hard and fast rule" regarding what constitutes a "reasonable time." *Myers*, ¶ 23, 511 P.3d at 476 (quoting *Meiners*, ¶ 17, 438 P.3d at 1268). "[C]ourts have found periods of as little as a few months unreasonable, and have found periods of as long as three years reasonable." *Id.* (quoting *Meiners*, ¶ 17, 438 P.3d at 1268). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Id.* ¶ 23, 511 P.3d at 476–77 (quoting *Meiners*, ¶ 17, 438 P.3d at 1268).

[¶17] The court entered the dismissal order on January 4, 2024, and Mr. Sheppard waited more than two months, until March 18, to file his motion. Based on the information contained in his motion and provided at the hearing, Mr. Sheppard's counsel received the County Commissioners' motion to dismiss on the same day she received the court's dismissal order.[2] Counsel then sent the County Commissioners a "letter and email asking to finalize the settlement." The County Commissioners declined in a letter dated February 2. It then "took [counsel] a while to prepare [the] motion," counsel "filed it as soon as [she] could," and counsel "obviously had other things to do" but "tried to prioritize this as best [she] could." Mr. Sheppard's delay in filing his motion went "beyond the 'reasonable time' demanded by Rule 60(b)(6) under the facts of this case," as the grounds for the motion were known to Mr. Sheppard and his counsel as soon as they received the dismissal order, he delayed in reaching out to the County Commissioners upon learning of the dismissal, and he further delayed in filing the motion after receiving their response. *See Myers*, ¶¶ 23–24, 511 P.3d at 476–77; *Webb*, ¶ 8, 471 P.3d at 292; *Meiners*, ¶ 18, 438 P.3d at 1268 (collecting cases on what constitutes "reasonable time").

## *CONCLUSION*

[¶18] The district court did not abuse its discretion in denying Mr. Sheppard's W.R.C.P. 60(b)(6) motion to reconsider its order dismissing his case with prejudice for failure to prosecute.

[¶19] Affirmed.

---

[2] The record is not clear on the precise date when Mr. Sheppard's counsel received these documents in the mail.